WILLIAM R. HOLLANDSWORTH, APPELLEE, V.
NEBRASKA PARTNERS, DOING BUSINESS AS
MEAD CATTLE COMPANY, INC., APPELLANT.
619 N.W.2d 579

Filed December 1, 2000.    No. S-00-044.

Melvin C. Hansen and Matthew J. Buckley, of Hansen, Engles, Ketcham, Olson & Buckley, P.C., for appellant.

Rolf Edward Shasteen, of Shasteen & Crawford, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

In this appeal, we address whether the payment of a court-approved lump-sum settlement in a workers' compensation case is subject to a waiting-period penalty under Neb. Rev. Stat. § 48-125 (Reissue 1998). The appellee, William R. Hollandsworth, and the appellant, Nebraska Partners, doing business as Mead Cattle Company, Inc., entered into a settlement agreement, which was approved by a single judge of the Nebraska Workers' Compensation Court. Nebraska Partners did not deliver the settlement check to Hollandsworth within 30 days of the order approving the settlement, and the same judge awarded a waiting-period penalty. A review panel affirmed, and Nebraska Partners appeals. We conclude that a lump-sum settlement approved by the Workers' Compensation Court is subject to the waiting-period penalty provided for in § 48-125. Accordingly, we affirm.

## BACKGROUND

In September 1997, Hollandsworth was involved in an accident while employed by Nebraska Partners. From April 29 to May 26, 1998, Hollandsworth received temporary total disability benefits. In June 1998, Hollandsworth filed a petition in the compensation court seeking further benefits, including benefits for permanent partial disability. The parties then reached a settlement agreement under which Hollandsworth would receive a lump-sum settlement of $21,500 in satisfaction of all claims he had against Nebraska Partners. The compensation court approved the settlement on April 9, 1999. On April 19, the insurance company for Nebraska Partners issued a check made out to

Hollandsworth and his attorney in the amount of the settlement. However, Hollandsworth did not receive the check. On May 11, Hollandsworth filed a motion for penalty and attorney fees in the compensation court. On May 13, the law office representing Nebraska Partners hand delivered the check to the office of Hollandsworth's attorney. On May 15, Hollandsworth signed a "Receipt in Satisfaction" stating that he acknowledged receipt of the money and that "the settlement provided in the Lump Sum Settlement filed herein is as of this date fully paid and satisfied of record."

A hearing was held on the motion, during which Hollandsworth's attorney stated, "I waive any claim for an attorney's fee in these proceedings." Following the hearing, the single judge of the compensation court awarded a 50-percent waiting-period penalty pursuant to § 48-125 because the check was delivered after 30 days had passed from the approval of the lump-sum settlement. Nebraska Partners filed an application for review by a three-judge panel of the compensation court. The panel affirmed and awarded attorney fees because Nebraska Partners had appealed and had failed to obtain a reduction in the award. Nebraska Partners appeals.

### ASSIGNMENTS OF ERROR

Nebraska Partners assigns, rephrased, that the compensation court erred in determining that payment on a court-approved lump-sum settlement is subject to a waiting-period penalty under § 48-125 and in calculating a penalty based on the entire amount of the lump-sum award. In addition, Nebraska Partners assigns that the review panel erred in affirming the decision of the compensation court and in awarding attorney fees.

### STANDARD OF REVIEW

■ Pursuant to Neb. Rev. Stat. § 48-185 (Cum. Supp. 2000), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Miller v.*

*E.M.C. Ins. Cos.*, 259 Neb. 433, 610 N.W.2d 398 (2000); *Torres v. Aulick Leasing*, 258 Neb. 859, 606 N.W.2d 98 (2000).

■ Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Philpot v. Aguglia*, 259 Neb. 573, 611 N.W.2d 93 (2000); *Ferguson v. Union Pacific RR. Co.*, 258 Neb. 78, 601 N.W.2d 907 (1999). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Id.*

### ANALYSIS

Nebraska Partners contends that the waiting-period penalty in § 48-125 applies only to delinquent periodic payments and that payment of a court-approved lump-sum settlement is not subject to the penalty.

Section 48-125 provides in part:

> Except as hereinafter provided, all amounts of compensation payable under the Nebraska Workers' Compensation Act shall be payable periodically in accordance with the methods of payment of wages of the employee at the time of the injury or death; *Provided*, fifty percent shall be added for waiting time for *all delinquent payments* after thirty days' notice has been given of disability.

(Emphasis supplied.)

Neb. Rev. Stat. § 48-138 (Reissue 1998) provides: "The amounts of compensation payable periodically under the law by agreement of the parties with the approval of the Nebraska Workers' Compensation Court may be commuted to one or more lump-sum payments . . . ." Neb. Rev. Stat. § 48-139 (Reissue 1998) states that a lump-sum settlement or agreement approved by the court is final and conclusive.

■ We conclude that payment of a court-approved lump-sum settlement is subject to the provisions of § 48-125. Although § 48-125 speaks of periodic payments, it does not limit the application of a penalty to periodic payments only. Further, § 48-138 provides that periodic payments may be commuted to

one or more lump-sum payments, thus bringing a lump-sum payment under the scope of § 48-125. In addition, § 48-139 provides that a court-approved lump-sum settlement is final and conclusive. We have previously held that as provided in § 48-125, waiting-period penalties apply to final adjudicated awards. *Gaston v. Appleton Elec. Co.*, 253 Neb. 897, 573 N.W.2d 131 (1998); *Roth v. Sarpy Cty. Highway Dept.*, 253 Neb. 703, 572 N.W.2d 786 (1998); *Leitz v. Roberts Dairy*, 239 Neb. 907, 479 N.W.2d 464 (1992). We further note that operative August 28, 1999, § 48-125 was amended to clearly state that the waiting-period penalty applies to payments made after 30 days from the entry of a final order, award, or judgment of the compensation court.

Nebraska Partners next contends that even if the lump-sum settlement is subject to a penalty, that penalty should be calculated only on the amount of those periodic payments which would have accrued as of April 9, 1999. We disagree.

Nothing in § 48-125 allows a penalty to be assessed on only a portion of a delinquent payment. We have said that the purpose of the 30-day waiting-period penalty and the provision for attorney fees as provided in § 48-125 are to encourage prompt payment by making delay costly if the award has been finally established. *Roth v. Sarpy Cty. Highway Dept., supra.* We have also stated that the only legitimate excuse for delay in the payment of compensation benefits is the existence of a genuine dispute from a medical or legal standpoint. *Id.; Grammer v. Endicott Clay Products*, 252 Neb. 315, 562 N.W.2d 332 (1997); *Musil v. J.A. Baldwin Manuf. Co.*, 233 Neb. 901, 448 N.W.2d 591 (1989).

Further, because of the delay which results when a case is contested, the disabled worker's need for the prompt payment of benefits is especially urgent after a final adjudicated award. In such instances, the employee has had to do without a weekly stipend for a longer period than when an employer does not contest the worker's right to benefits. Thus, it is important to discourage unnecessary delay in the payment of benefits. *Leitz v. Roberts Dairy, supra,* citing *Amorosa v. Jersey City Welding & Mach. Works*, 214 N.J. Super. 130, 518 A.2d 529 (1986).

In this case, by entering into a settlement agreement, Nebraska Partners specifically agreed to commute any periodic

payments to a single payment which was due within 30 days of the order approving the settlement. Any assessment of a penalty based on only a portion of the amount of the payment due ignores the importance of timely payment of the lump-sum settlement due and ignores the fact that the parties specifically agreed to commute the periodic payments to one single payment. Had there been a concern about the ability to timely deliver the entire lump-sum settlement due, Nebraska Partners was free to decline to enter into the settlement agreement. Accordingly, we conclude that the single judge was correct in assessing a penalty based on the entire amount of the delinquent lump-sum payment.

Nebraska Partners further contends that regardless of how § 48-125 is interpreted, a waiting-period penalty cannot apply in this case because the order approving the settlement acted to release Nebraska Partners from all liability on account of the accident. Specifically, Nebraska Partners contends that a receipt signed by Hollandsworth on May 15, 1999, acknowledging payment and satisfaction of the settlement operates as an accord and satisfaction. There is nothing in the record showing that Nebraska Partners raised this issue before the compensation court, and Nebraska Partners contends on appeal that it was plain error for the compensation court to fail to find that the doctrine of accord and satisfaction applies to this case.

■ Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Krumwiede v. Krumwiede*, 258 Neb. 785, 606 N.W.2d 778 (2000); *Hajenga v. Hajenga*, 257 Neb. 841, 601 N.W.2d 528 (1999). We find no plain error in this case. Accordingly, the argument that an accord and satisfaction occurred is without merit.

■ Finally, Nebraska Partners contends that the review panel erred in awarding attorney fees. Section 48-125 provides that if the employer files an application for review before the compensation court from an award of a judge of the compensation court and fails to obtain any reduction in the amount of the award, the

compensation court shall allow the employee a reasonable attorney fee.

Although Hollandsworth's attorney expressly waived an award of fees for the hearing before a single judge, there is no indication in the record that an award of fees was waived for the proceedings before the review panel. Because Nebraska Partners filed the application for review and failed to obtain a reduction in the amount of the award, the review panel did not err in awarding attorney fees.

## CONCLUSION

We conclude that payment of a court-approved lump-sum settlement is subject to the waiting-period penalty provided for in § 48-125. Because the lump sum was not paid within 30 days of the order of the compensation court approving the award, the compensation court was correct in awarding a waiting-period penalty. We further determine that the review panel did not err in awarding attorney fees. Accordingly, we affirm.

AFFIRMED.