DALE E. HAGELSTEIN, APPELLANT, V.
SWIFT-ECKRICH DIVISION OF CONAGRA, APPELLEE.
622 N.W. 2d 663

*Filed February 23, 2001. No. S-00-625.*

James F. Fenlon, P.C., for appellant.

Theodore J. Stouffer, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Dale E. Hagelstein appeals from an order entered by a review panel of the Workers' Compensation Court. The review panel's order affirmed in part and reversed in part the trial judge's order, which modified a running award of total disability benefits to permanent partial disability benefits. We moved the case to our docket pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals.

## SCOPE OF REVIEW

Pursuant to Neb. Rev. Stat. § 48-185 (Cum. Supp. 2000), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Hollandsworth v. Nebraska Partners*, 260 Neb. 756, 619 N.W.2d 579 (2000).

■ Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Miller v. E.M.C. Ins. Cos.*, 259 Neb. 433, 610 N.W.2d 398 (2000).

## FACTS

Hagelstein filed a petition in the Workers' Compensation Court against his employer, Swift-Eckrich Division of ConAgra (Swift-Eckrich), for a lower back injury sustained while working as a maintenance mechanic on January 28, 1991. After a hearing on December 17, the trial judge found that Hagelstein was totally disabled and was entitled to benefits in the amount of $255 per week for an indefinite period.

In a second petition filed March 6, 1996, Hagelstein alleged that Swift-Eckrich had ceased paying total disability benefits and had begun paying permanent partial disability benefits on June 19, 1995. Swift-Eckrich answered on March 26, 1996. After a hearing, the trial judge modified the award, finding that Hagelstein had reached maximum medical improvement on April 24, 1995, and was thereafter partially disabled. The trial judge further found that Hagelstein had suffered a 35-percent permanent loss of earning power but did not need vocational rehabilitation training. The trial judge ordered Swift-Eckrich to pay reduced benefits effective April 24, 1995.

A review panel affirmed the trial judge's modification of the award. However, the order was signed by only two of the three judges who heard arguments, as the third judge had died in the interim. We dismissed Hagelstein's subsequent appeal after determining that the order was void due to the absence of the statutorily required quorum. See *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 597 N.W.2d 394 (1999). On remand, the review panel affirmed in part and reversed in part. It reversed the portion of the order requiring payment of permanent partial disability benefits beginning on April 24, 1995, and ordered that payment commence on March 6, 1996, the day on which Hagelstein's second petition was filed, relying upon *Starks v. Cornhusker Packing Co.*, 254 Neb. 30, 573 N.W.2d 757 (1998) (holding that modification of workers' compensation award cannot be applied retroactively beyond date of application). Hagelstein timely appealed.

## ASSIGNMENTS OF ERROR

Hagelstein assigns as error that the trial judge erred in finding (1) that he reached maximum medical improvement on April 24, 1995; (2) that he ceased being totally disabled on or about April 24, 1995; (3) that he suffered a 35-percent permanent loss of earning power after April 24, 1995; and (4) that he is not entitled to vocational rehabilitation benefits. Hagelstein also assigns as error that the review panel erred in failing to award him attorney fees.

## ANALYSIS

To obtain a modification, an applicant must prove, by a preponderance of evidence, that the increase or decrease in incapacity was due solely to the injury resulting from the original accident. *Id.* The applicant must prove there exists a material and substantial change for the better or worse in the condition—a change in circumstances that justifies a modification, distinct and different from the condition for which the adjudication had previously been made. *Id.*

Here, we treat Swift-Eckrich as the applicant for a modification, with the date of the "application" being the date its answer was filed. Swift-Eckrich unilaterally stopped payment of Hagelstein's total disability benefits without filing an application with the compensation court. Hagelstein then petitioned the compensation court for a determination of total disability, and Swift-Eckrich's answer set out its claim requesting modification of the award of temporary total disability. We have previously stated that the employer's unilateral cessation of benefits is not to be the basis for the modification of an award of benefits. Employers are prohibited from unilaterally modifying workers' compensation awards. *Id.*

In determining whether Swift-Eckrich has proved a material and substantial change in Hagelstein's condition, we may modify, reverse, or set aside the compensation court's decision only if (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not sup-

port the order or award. See *Hollandsworth v. Nebraska Partners*, 260 Neb. 756, 619 N.W.2d 579 (2000).

Hagelstein argues that there was not sufficient competent evidence in the record to warrant the making of the award because there was no objective medical evidence of a physical improvement. In testing the sufficiency of evidence to support findings of fact made by the Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party, and the successful party will have the benefit of every inference reasonably deducible from the evidence. *Miller v. E.M.C. Ins. Cos.*, 259 Neb. 433, 610 N.W.2d 398 (2000).

Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Id*. If the record contains evidence to substantiate the factual conclusions reached by the trial judge of the compensation court, an appellate court is precluded from substituting its view of the facts for that of the compensation court. *Guico v. Excel Corp.*, 260 Neb. 712, 619 N.W.2d 470 (2000).

The record contains reports from a number of doctors concerning Hagelstein's incapacity. In an opinion letter dated May 18, 1995, Dr. Michael O'Neil, after a second examination of Hagelstein, concluded with reasonable medical certainty that he had reached maximum medical improvement by April 24, 1995. He opined that Hagelstein could function at a light to medium work level and was entitled to a 35-percent permanent physical impairment rating. Dr. Gernon Longo stated that Hagelstein suffered from a 30-percent permanent impairment of the body. Dr. D.M. Gammel examined Hagelstein on July 10, 1995, and concluded that he suffered from a 35-percent impairment of the body. On August 16, 1996, Hagelstein's own physician, Dr. Eric Phillips, gave him a 25-percent permanent partial impairment rating.

There is no merit to Hagelstein's argument that there is not objective medical evidence of a material and substantial decrease in incapacity. There was no medical dispute that Hagelstein was partially disabled rather than totally disabled. The physicians' opinions varied only as to the extent of his partial disability.

Their ratings ranged from a 25- to 35-percent permanent partial impairment, and the trial judge found Hagelstein to be 35 percent partially impaired. There was sufficient competent evidence in the record to support the trial judge's findings that Hagelstein had reached maximum medical improvement and ceased being totally disabled on April 24, 1995. We cannot say that any of the trial judge's factual findings were clearly wrong.

Hagelstein contends that the trial judge placed too much reliance on surveillance videotapes made of him. Hagelstein was under surveillance for approximately 80 hours between July 1994 and March 1995. The portion of the videotapes admitted into evidence showed Hagelstein performing a variety of activities outside his home. The weight to be given videotaped evidence, admitted into evidence, is to be determined by the trier of fact, not the appellate court. *Aken v. Nebraska Methodist Hosp.*, 245 Neb. 161, 511 N.W.2d 762 (1994). This argument is without merit.

Hagelstein also argues that the trial judge erred in finding that he is not entitled to vocational rehabilitation services. Neb. Rev. Stat. § 48-162.01(3) (Supp. 1999) provided in part:

> When as a result of the injury an employee is unable to perform suitable work for which he or she has previous training or experience, he or she is entitled to such vocational rehabilitation services, including job placement and retraining, as may be reasonably necessary to restore him or her to suitable employment.

Vocational rehabilitation benefits are properly awarded when an injured employee is unable to return to the work for which he or she has previous training or experience. *Collins v. General Casualty*, 258 Neb. 852, 606 N.W.2d 93 (2000). A determination as to whether an injured worker has had a loss of earning power is a question of fact to be determined by the Workers' Compensation Court. See *Cords v. City of Lincoln*, 249 Neb. 748, 545 N.W.2d 112 (1996).

Craig Ferguson was selected as an independent vocational rehabilitation specialist to evaluate Hagelstein. Ferguson interviewed Hagelstein, reviewed the functional capacity assessments and medical reports, and conducted a labor market survey and a labor market access study. He concluded that Hagelstein

would be able to engage in substantial employment on the basis of a 40-hour workweek and that he would not need vocational rehabilitation in the form of retraining or reeducation to do that. We cannot say that the trial judge's finding that Hagelstein did not need vocational rehabilitation was clearly wrong. This assignment of error is without merit.

Hagelstein next argues that if the modification is to be upheld, it cannot be applied retroactively. There is no question that a modification cannot be applied retroactively beyond the date of application for modification. See, *Sheldon-Zimbelman v. Bryan Memorial Hosp.*, 258 Neb. 568, 604 N.W.2d 396 (2000); *Starks v. Cornhusker Packing Co.*, 254 Neb. 30, 573 N.W.2d 757 (1998). However, because we treat Swift-Eckrich as the applicant for modification, the application date is the date Swift-Eckrich filed its answer—March 26, 1996. Thus, Swift-Eckrich's obligation to pay Hagelstein the total disability benefits originally awarded extended until that date.

Hagelstein's final argument is that he received an "increase" in his award by the review panel and, therefore, is entitled to attorney fees under Neb. Rev. Stat. § 48-125 (Reissue 1998). The review panel modified the trial judge's order and determined that the obligation to pay total disability benefits extended to March 6, 1996, the day Hagelstein filed his petition. We have concluded that such obligation should continue to the date Swift-Eckrich filed its answer, March 26, which alleged a change in Hagelstein's condition.

Section 48-125(1) provides in part:

[I]f the employee files an application for a review before the compensation court from an award of a judge of the compensation court when the amount of compensation due is disputed and obtains an increase in the amount of such award, the compensation court may allow the employee a reasonable attorney's fee to be taxed as costs against the employer for such review, and the Court of Appeals or Supreme Court may in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in the Court of Appeals or Supreme Court.

A similar situation was addressed in *Starks*. The employer had unilaterally terminated Starks' benefits without obtaining a

modification. Starks filed a motion in the compensation court requesting an order to resume the total disability payments. The employer then filed an application for modification on November 30, 1995. The trial judge subsequently modified the award retroactive to August 27, the date of the change in Starks' condition, and the review panel affirmed. On appeal, we held that the award was in full force and effect, as originally entered, until the award was modified pursuant to Neb. Rev. Stat. § 48-141 (Reissue 1998). We held that the compensation court erred in making the modification retroactive to August 27 instead of November 30. Because Starks obtained an increase in the award, however trivial, he was entitled to attorney fees. Hagelstein is likewise entitled to attorney fees.

## CONCLUSION

There was sufficient competent evidence to support the trial judge's findings regarding Hagelstein's 35-percent partial impairment, maximum medical improvement, and vocational rehabilitation. However, the review panel erred in not awarding attorney fees, and we award Hagelstein $1,500 as attorney fees in the compensation court. Also, we modify the award of permanent partial disability benefits to become effective as of March 26, 1996, the date Swift-Eckrich filed its answer seeking the modification. We award Hagelstein $500 in attorney fees for this appeal.

AFFIRMED AS MODIFIED.

STEPHAN, J., not participating.