MARVIN MEREDITH, APPELLEE AND CROSS-APPELLANT,
V. SCHWARCK QUARRIES, INC., APPELLANT
AND CROSS-APPELLEE.

701 N.W.2d 387

Filed August 9, 2005.    No. A-03-1136.

Jeffry D. Patterson, of Bartle & Geier Law Firm, for appellant.

Rolf Edward Shasteen, of Shasteen, Brock & Scholz, P.C., for appellee.

IRWIN, SIEVERS, and CASSEL, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Schwarck Quarries, Inc. (Schwarck), appeals an order of a three-judge review panel for the Nebraska Workers' Compensation Court. Schwarck argues that the review panel erred in affirming the trial court's award of temporary total disability benefits and vocational rehabilitation services to Marvin Meredith, but correctly reversed the trial court's modified award of permanent total disability benefits. On cross-appeal, Meredith argues that the review panel erred in reversing the trial court's award of permanent total disability benefits.

We find that the review panel did not err in affirming the trial court's award of temporary total disability benefits and vocational rehabilitation services. We further find that the review panel did err in finding that the trial court exceeded its authority on remand by modifying the award of permanent total disability benefits.

## II. BACKGROUND

This case comes before us for the second time. The first time, it was disposed of in an unpublished opinion, *Meredith v. Schwarck Quarries, Inc.*, No. A-01-1318, 2002 WL 1315376 (Neb. App. June 18, 2002) (not designated for permanent publication). A detailed description of the facts is contained therein. We will discuss only the facts necessary to dispose of the case now before us.

On September 1, 1999, Meredith was injured in a work-related accident while working for Schwarck. Meredith testified that he had initially experienced some pain, that he had continued working, but that the pain increasingly worsened as time passed. In November, Meredith sought treatment from Saint Elizabeth Company Care, was given work restrictions, was prescribed medication, and was recommended for physical therapy. Meredith was later evaluated by Dr. D.M. Gammel, who diagnosed Meredith with "1. Chronic myofascitis of the cervical spine due to work related injury of 1 September 1999 [and] 2. Status postoperative spinal fusion L5-S1, with aggravation resulting in chronic myofascitis of the lumbar spine due to work related injury of 1 September 1999." Gammel opined that Meredith's "injury of 1 September 1999 has resulted in an

aggravation of [a] previous lumbar injury however there is no additional impairment." Gammel further opined that due to the September 1999 accident, Meredith incurred a 5-percent whole person impairment rating to his cervical spine.

On November 29, 1999, Meredith filed a petition in the Nebraska Workers' Compensation Court seeking compensation for the injury he suffered in September 1999. Specifically, Meredith sought medical costs, temporary total disability benefits, permanent partial disability benefits, vocational rehabilitation services, attorney fees, and penalties.

A trial was held on November 1, 2000. On April 2, 2001, the trial court entered an order determining that Meredith did suffer an injury in September 1999. The court determined that as a result of the injury, Meredith incurred medical and hospital expenses, was temporarily totally disabled from November 9, 1999, through May 12, 2000, and thereafter sustained a 44-percent loss of earning capacity. The court also specifically determined that the accident caused Meredith's injuries. The court awarded Meredith benefits for both his temporary total disability and his permanent partial disability and stated that he was entitled to vocational rehabilitation services.

Schwarck appealed the order of the trial court to a three-judge review panel. On appeal, the review panel affirmed the ruling of the trial court, stating that the findings of fact were not clearly wrong and that no error of law appeared. The review panel noted Schwarck's objections to Gammel's medical opinion on which the trial court had relied, but the review panel determined that "Gammel possessed sufficient facts to enable him to express reasonably accurate conclusions and opinions regarding his evaluation of [Meredith]."

Schwarck then appealed to this court. We determined that there was sufficient competent evidence to support the trial court's finding that the September 1999 accident was the cause of Meredith's cervical spine injury, and we affirmed the trial court's decision with regard to causation. See *Meredith v. Schwarck Quarries, Inc.*, No. A-01-1318, 2002 WL 1315376 (Neb. App. June 18, 2002) (not designated for permanent publication). However, with regard to the trial court's award of disability benefits, we reversed, and remanded the matter to the trial

court, stating that the court failed to comply with Workers' Comp. Ct. R. of Proc. 11 (2002), which requires compensation courts to provide "reasoned decisions which contain findings of facts and conclusions of law based upon the whole record which clearly and concisely state and explain the rationale for the decision so that all interested parties can determine why and how a particular result was reached."

On remand, the trial court entered a modified order dated February 7, 2003. The trial court iterated its ruling with regard to Meredith's temporary total disability benefits, expressly basing its determination both on the restrictions placed on Meredith by Saint Elizabeth Company Care and on Meredith's testimony regarding his injury and the consequences of it. The trial court also determined that Meredith reached maximum medical improvement on May 12, 2000, thus terminating Meredith's temporary total disability benefits, such determination expressly based on Gammel's medical report, Meredith's testimony, and "a complete review of all the medical records offered in [the] case."

The trial court then determined that Meredith had suffered a permanent total disability, as opposed to the 44-percent loss of earning capacity as previously determined. The court based this determination primarily on Gammel's medical report and Meredith's testimony. The court also based its determination on its findings that Meredith was not able to "perform suitable work for which he has previous training or experience."

With regard to vocational rehabilitation services, the trial court stated that this court had affirmed the trial court's prior ruling that Meredith was entitled to vocational rehabilitation services. However, the trial court then stated, "[G]iven the circumstances with respect to this case being appealed and the questionable status of certain findings related to [Meredith's] disability status, [the trial court] once again orders that [Meredith] remains entitled to vocational rehabilitation services." The court based this determination on its previous findings that Meredith had prior work experience as "a self employed mechanic, rock quarry worker, farmer, woodcutter, and landscaper's helper" and that because of Meredith's restrictions, he would "not [be] able to perform suitable work for which he has previous training or experience."

Schwarck again appealed the order of the trial court to a three-judge review panel, and Meredith cross-appealed. The review panel noted that this court had already affirmed the trial court's findings of causation and that thus, only the trial court's findings regarding temporary total disability benefits and maximum medical improvement were at issue. The review panel held that the trial court's findings were not clearly wrong, recognizing that the trial court "weighed the divergent medical evidence," considered all of the testimony, and made its determinations based thereon. The review panel therefore affirmed the trial court's findings with regard to Meredith's total temporary disability benefits and date of maximum medical improvement.

However, the review panel reversed the portion of the trial court's modified order which found Meredith to be permanently totally disabled. The review panel stated that the trial court exceeded its authority on remand when it "redetermined Meredith to be permanently totally disabled." The review panel then directed the trial court, on remand, to "indicate the evidence relied upon in its original finding regarding loss of earning power."

Finally, with regard to vocational rehabilitation services, the review panel stated that it understood this court's remand to "be limited to the degree of disability and requiring a reasoned decision in conformity with Rule 11." As such, the review panel concluded that the trial court's remaining findings of fact and conclusions of law regarding vocational rehabilitation services were affirmed.

This appeal now follows.

### III. ASSIGNMENTS OF ERROR

Schwarck argues on appeal that (1) the review panel erred in assuming that this court affirmed the trial court's finding that Meredith suffered a disability in the September 1999 accident, (2) the trial court erred in failing to specify evidence sufficient to find that Meredith was temporarily totally disabled through May 12, 2000, (3) the trial court erred in failing to specify evidence sufficient to find that Meredith suffered any loss of earning capacity as a result of the September 1999 accident, and (4) the trial court erred in stating that this court affirmed the trial

court's conclusion that Meredith is entitled to vocational rehabilitation services.

On cross-appeal, Meredith argues that the review panel erred in (1) finding that the trial court exceeded its authority on remand by modifying Meredith's award of benefits and (2) reversing the trial court's finding that Meredith was permanently totally disabled.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

■ An appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Morris v. Nebraska Health System*, 266 Neb. 285, 664 N.W.2d 436 (2003); *Zavala v. ConAgra Beef Co.*, 265 Neb. 188, 655 N.W.2d 692 (2003); *Vega v. Iowa Beef Processors*, 264 Neb. 282, 646 N.W.2d 643 (2002).

■ In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the single judge who conducted the original hearing. *Morris, supra*; *Frauendorfer v. Lindsay Mfg. Co.*, 263 Neb. 237, 639 N.W.2d 125 (2002); *Vonderschmidt v. Sur-Gro*, 262 Neb. 551, 635 N.W.2d 405 (2001). Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Morris, supra*; *Frauendorfer, supra*.

■ An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Morris, supra*; *Larsen v. D B Feedyards*, 264 Neb. 483, 648 N.W.2d 306 (2002); *Vega, supra*.

### 2. CAUSATION

Schwarck first argues that the review panel erred in "assuming that [this court] affirmed the trial court's finding in its initial

award that [Meredith] suffered disability in an accident occurring September 1, 1999." As acknowledged by Schwarck, the review panel stated that this court "specifically affirmed the trial judge's findings and conclusions regarding medical causation. We therefore address only the period of temporary indemnity and maximum medical improvement." The review panel was correct in its statement.

In our prior review of this case, we affirmed the trial court's findings on causation—that Meredith's work-related accident on September 1, 1999, caused his cervical spine injury. See *Meredith v. Schwarck Quarries, Inc.*, No. A-01-1318, 2002 WL 1315376 (Neb. App. June 18, 2002) (not designated for permanent publication). We then remanded the case because we were unable to review the trial court's award of disability benefits, because the trial court did not provide a reasoned decision from which we could review the evidence on which the court relied. See *id.* The review panel was correct in concluding that the only issue on remand was the trial court's award of disability benefits.

In arguing that Meredith failed to prove that the September 1999 accident caused his disability, Schwarck seems to impose a second burden of proving causation for a claimant in a workers' compensation injury case. Schwarck asserts that while Meredith proved that his accident caused his injury, he must also now prove that his accident caused his disability. We find this to be an argument of semantics. If Meredith has proven that his accident has caused his injury, which we concluded that he had, and then now proves that he suffered disability from his injury, then we find that Meredith has necessarily proven that the accident caused the disability. We do not think Meredith must again prove causation if he does in fact prove that he suffered a disability.

### 3. Temporary Total Disability and Maximum Medical Improvement

Schwarck next argues that the trial court specified insufficient evidence to support an award of temporary total disability benefits through May 12, 2000. The trial court found that Meredith was temporarily totally disabled from and including November

9, 1999, through May 12, 2000. Schwarck concedes that Meredith is entitled to receive temporary total disability benefits for November 9 to 23, 1999, which are the dates of the restrictions imposed by Saint Elizabeth Company Care. Schwarck states, "There is no question that the evidence specified by the trial court is sufficient to suggest that Meredith suffered a period of temporary total disability beginning on November 9, 1999." Brief for appellant at 16. Schwarck then emphasizes that "the restrictions were only temporary, lasting from November 9 to November 23." Brief for appellant at 17. Therefore, the only question before this court is whether there is sufficient evidence on the record to support the trial court's finding that Meredith continued to suffer temporary total disability from November 24, 1999, through May 12, 2000.

Temporary disability contemplates the period the employee is submitting to treatment, is convalescing, is suffering from the injury, and is unable to work because of the accident. *Green v. Drivers Mgmt., Inc.*, 10 Neb. App. 299, 634 N.W.2d 22 (2001), *reversed in part on other grounds* 263 Neb. 197, 639 N.W.2d 94 (2002). See *Uzendoski v. City of Fullerton*, 177 Neb. 779, 131 N.W.2d 193 (1964). Total disability in the context of the workers' compensation law does not mean a state of absolute helplessness, but means disablement of an employee to earn wages in the same kind of work, or work of a similar nature, that he or she was trained for or accustomed to perform, or any other kind of work which a person of his or her mentality and attainments could do. *Mata v. Western Valley Packing*, 236 Neb. 584, 462 N.W.2d 869 (1990). See *Green, supra.* When a worker has reached maximum recovery, the remaining disability is permanent and such worker is no longer entitled to compensation for temporary disability. *Weichel v. Store Kraft Mfg. Co.*, 10 Neb. App. 276, 634 N.W.2d 276 (2001); *Gardner v. Beatrice Foods Co.*, 231 Neb. 464, 436 N.W.2d 542 (1989); *Kleiva v. Paradise Landscapes*, 227 Neb. 80, 416 N.W.2d 21 (1987).

The trial court stated in its order that it based its findings of temporary total disability on Gammel's opinion that Meredith was at maximum medical improvement on May 12, 2000. The court found that Meredith's temporary total disability ceased on May 12, 2000, when Gammel reported that Meredith suffered

from a permanent impairment rating to his cervical spine of 5 percent. The court stated that Gammel, in his report, defined a permanent impairment rating as " 'an impairment that has become static or well stabilized with or without medical treatment and is not likely to remit despite medical treatment,' " which definition complied with that of maximum medical improvement as it exists in Nebraska case law.

Whether an employee has reached maximum medical improvement or recovery is a question of fact to be determined by the compensation court. *Weichel, supra.* See *Heiliger v. Walters & Heiliger Electric, Inc.*, 236 Neb. 459, 461 N.W.2d 565 (1990). Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Weichel, supra*; *Frank v. A & L Insulation*, 256 Neb. 898, 594 N.W.2d 586 (1999). If the record contains evidence to substantiate the factual conclusions reached by the Workers' Compensation Court, an appellate court is precluded from substituting its view of the facts for that of the Workers' Compensation Court. *Id.*

Schwarck argues at great length that Gammel's opinion is not credible and that Gammel did not have all of the necessary information to form his opinion because Meredith did not provide an accurate medical history to Gammel. However, as we stated in our prior opinion for this case, "Gammel was specifically informed of the inconsistencies during his deposition and was then asked if the revised information would cause him to change his report or findings in any way. Gammel testified that his opinions would remain unchanged." *Meredith v. Schwarck Quarries, Inc.*, No. A-01-1318, 2002 WL 1315376 at *4 (Neb. App. June 18, 2002) (not designated for permanent publication).

In testing the sufficiency of the evidence to support the findings of fact, the evidence must be considered in the light most favorable to the successful party, every controverted fact must be resolved in favor of the successful party, and the successful party will have the benefit of every inference that is reasonably deducible from the evidence. *Frauendorfer v. Lindsay Mfg. Co.*, 263 Neb. 237, 639 N.W.2d 125 (2002). See *Hagelstein v. Swift-Eckrich*, 261 Neb. 305, 622 N.W.2d 663 (2001). Moreover, as the trier of fact, the Workers' Compensation Court

is the sole judge of the credibility of witnesses and the weight to be given their testimony. *Frauendorfer, supra*; *Wilson v. Larkins & Sons*, 249 Neb. 396, 543 N.W.2d 735 (1996). In the case at bar, we will not question the trial court's determination that Gammel was a credible witness.

The trial court also based its findings regarding Meredith's temporary total disability on the work restrictions placed on Meredith by Saint Elizabeth Company Care, as well as on Meredith's testimony regarding his injuries. Schwarck argues that the work restrictions placed on Meredith were only for November 9 through 23, 1999, and that thus, the court was clearly wrong in finding that Meredith was temporarily totally disabled through May 12, 2000. Schwarck's argument is incorrect.

The work restrictions placed on Meredith by Saint Elizabeth Company Care are specifically delineated as "11/9/99-11/23/99." However, these dates are not necessarily dispositive as to the duration of Meredith's temporary total disability. Meredith testified that he did not return to Saint Elizabeth Company Care for further treatment because he had "too many medical bills" and because Schwarck had informed him that "[Schwarck] did not have [workers' compensation insurance]." Because Meredith did not return to Saint Elizabeth Company Care for further treatment, its initial dates of restrictions are not conclusive as to the dates of Meredith's temporary total disability.

In addition, Meredith testified that he had not been employed or worked since November 1999 and that the pain in his back and neck from his injury was worse than the last time he worked. Meredith testified that he experienced the pain resulting from his injury up until the date of trial, that his pain was "constant," and that it worsened with "bending, sitting, standing, lifting, some walking and climbing stairs."

Meredith admitted to having had a prior back injury in 1990, for which he had back surgery. Meredith testified that he had received a lump-sum settlement in a workers' compensation case for that injury and that after the settlement, he returned to work with some restrictions. Meredith also admitted that he had been in a traffic accident in 1995 that caused injury to his back. However, Meredith testified that any problems he had experienced from his prior injuries did not significantly affect his work

at Schwarck and had worsened after his accident in 1999 at Schwarck. Meredith also testified that he could not drive the trucks at work because of his injury and that Schwarck told him that he was not needed at work if he could not drive a truck.

Schwarck argues:

It was necessary for Meredith to adduce competent expert testimony regarding the cause of his claimed disability, and that required Meredith to adduce competent expert medical testimony demonstrating that any disability resulting from the September 1, 1999, accident was different from, or a material increase of[,] his preexisting disability caused by a prior work-related accident and a prior motor vehicle accident.

Brief for appellant at 13. While expert witness testimony may be necessary to establish the cause of a claimed injury, the Workers' Compensation Court does not need to depend on expert testimony to determine the degree of disability but instead may rely on the testimony of the claimant. *Cords v. City of Lincoln*, 249 Neb. 748, 545 N.W.2d 112 (1996). See *Luehring v. Tibbs Constr. Co.*, 235 Neb. 883, 457 N.W.2d 815 (1990). We find that Gammel's report supports the trial court's conclusions regarding Meredith's temporary total disability. Furthermore, Meredith's testimony was sufficient for the trial court to conclude that Meredith was temporarily totally disabled.

Schwarck also argues at great length that, as with Gammel's testimony, Meredith's testimony is not credible. As we stated above, in testing the sufficiency of the evidence to support the findings of fact, the evidence must be considered in the light most favorable to the successful party, every controverted fact must be resolved in favor of the successful party, and the successful party will have the benefit of every inference that is reasonably deducible from the evidence. *Frauendorfer v. Lindsay Mfg. Co.*, 263 Neb. 237, 639 N.W.2d 125 (2002). See *Hagelstein v. Swift-Eckrich*, 261 Neb. 305, 622 N.W.2d 663 (2001). Viewing Meredith's testimony in the light most favorable to the successful party, Meredith, we cannot find that the trial court was clearly wrong in determining that Meredith was a credible witness and that he was temporarily totally disabled through May 12, 2000.

### 4. Permanent Disability
### (a) Trial Court's Authority on Remand

In the original award of the trial court, Meredith was determined to have suffered a 44-percent loss of earning capacity. We remanded the issue of disability benefits, based on a finding that the court's order failed to comply with rule 11. On remand, the trial court determined that Meredith was permanently totally disabled. The review panel reversed this finding, stating that the trial court exceeded its authority on remand by modifying its previous order. Schwarck argues that the review panel was correct in reversing the modified order of the trial court and that the trial court failed to specify sufficient evidence to find that Meredith suffered *any* loss of earning capacity as a result of the September 1999 accident.

Meredith argues on cross-appeal that the review panel erred in finding that the trial court exceeded its authority on remand. Meredith further argues that the review panel erred in reversing the trial court's modification on remand of its original order, because its modified order was well within the trial court's authority.

The review panel cited to *K N Energy, Inc. v. Cities of Broken Bow et al.*, 248 Neb. 112, 532 N.W.2d 32 (1995), in determining that the trial court in the case at bar exceeded the remand of this court by modifying its previous finding regarding Meredith's loss of earning power. However, *K N Energy, Inc.*, is not controlling in the case at bar. In *K N Energy, Inc.*, the Nebraska Supreme Court had previously reinstated an order of a district court that this court had reversed. After that Supreme Court order, additional motions were made to the district court which the district court refused to address, stating it did not have jurisdiction. On appeal of that district court judgment, the Nebraska Supreme Court agreed that the district court did not have jurisdiction to grant motions made after the Supreme Court's order, because such order reinstating the district court's order was a final judgment.

Other cases in which a trial court was held to exceed its authority on remand hold similarly to *K N Energy, Inc.* See, *State v. Williams*, 253 Neb. 111, 568 N.W.2d 246 (1997) (holding that when Nebraska Supreme Court remanded case for determination

of whether alleged juror misconduct occurred and, if so, whether conduct was prejudicial, district court was without power to determine that claim of juror misconduct was procedurally barred); *Gates v. Howell*, 211 Neb. 85, 90, 317 N.W.2d 772, 775 (1982) (holding that "a case, once litigated and directed back to the trial court only for the purpose of entering a judgment on the mandate in accordance with the opinion of the court, is not open to further litigation"). See, also, *Xerox Corp. v. Karnes*, 221 Neb. 691, 380 N.W.2d 277 (1986); *Jurgensen v. Ainscow*, 160 Neb. 208, 69 N.W.2d 856 (1955).

In the case at bar, our remand to the trial court was not an instruction to enter a final judgment. Rather, our remand included instructions for the trial court to "enter an order which complies with the requirements of rule 11, based on the whole record available to the court when the first award was entered." *Meredith v. Schwarck Quarries, Inc.*, No. A-01-1318, 2002 WL 1315376 at *5 (Neb. App. June 18, 2002) (not designated for permanent publication).

We recognize that when a cause is remanded with specific directions, the court to which the mandate is directed has no power to do anything but to obey the mandate. The order of the appellate court is conclusive on the parties, and no judgment or order different from, or in addition to, that directed by the appellate court can be entered by the trial court. *Williams, supra*; *Xerox Corp., supra*. See *Gates, supra*.

However, in the case at bar, the trial court did not disobey the mandate of this court. The trial court entered an order which, if the evidence supports the findings in that order and the order sets forth a reasoned decision, complies with rule 11. Our order did not prevent the trial court from modifying its prior order if the court determined that the evidence as it already existed on the record supported a different determination of disability.

Furthermore, this court did not make a finding as to whether Meredith suffered permanent disability as a result of his work-related injury and, if so, whether the trial court's determination of the extent of disability was correct. Rather, we could not determine whether the trial court's finding regarding permanent disability was correct because we did not know on what evidence such finding was based. If the trial court discovered on remand

that its reasoning supported a different determination of disability, the court should be able to enter an order in compliance with rule 11 that has the proper extent of disability and specifies the evidence relied upon in making such a determination.

This finding is similar to that of the Nebraska Supreme Court in *Owen v. American Hydraulics*, 258 Neb. 881, 606 N.W.2d 470 (2000). In *Owen v. American Hydraulics*, 254 Neb. 685, 578 N.W.2d 57 (1998), the Supreme Court affirmed the review panel's reversal of a workers' compensation award by the trial judge, on the basis that the award failed to comply with rule 11. The Supreme Court "remand[ed] the cause to the trial judge with directions to enter an order based upon the evidence adduced at trial which complies with the requirements of rule 11." 254 Neb. at 696, 578 N.W.2d at 64. On a subsequent appeal, the Supreme Court stated that its determination that the original award was ambiguous, contradictory, and not in compliance with rule 11 effectively rendered the order a nullity. *Owen, supra*. The Supreme Court further stated that in the subsequent appeal, the issue was not whether the order on remand was inconsistent with the original award, but, rather, whether it was supported by the evidence under the applicable standard of review.

As such, we find that in the case at bar, the review panel erred in reversing the order of the trial court on the basis that the trial court exceeded its authority in modifying its original order. Our prior reversal of the trial court's original award of benefits effectively rendered the original award a nullity, and the trial court, on remand, was not prohibited from modifying its original order.

(b) Permanent Disability Determination

Because we find that the trial court did not exceed its authority in modifying its order of February 7, 2003, we now address whether the trial court's determination of permanent total disability was in error. We find that the record does support a finding of permanent total disability and, as such, supports the trial court's original award of permanent partial disability benefits. Accordingly, Meredith is entitled to the trial court's most recent award of permanent partial disability benefits.

Total disability exists when an injured employee is unable to earn wages in either the same or a similar kind of work he or she was trained or accustomed to perform or in any other kind of work which a person of the employee's mentality and attainments could perform. *Harmon v. Irby Constr. Co.*, 258 Neb. 420, 604 N.W.2d 813 (1999); *Yarns v. Leon Plastics, Inc.*, 237 Neb. 132, 464 N.W.2d 801 (1991). Total disability in the context of the workers' compensation law does not mean a state of absolute helplessness, but means disablement of an employee to earn wages in the same kind of work, or work of a similar nature, that he or she was trained for or accustomed to perform, or any other kind of work which a person of his or her mentality and attainments could do. *Willuhn v. Omaha Box Co.*, 240 Neb. 571, 483 N.W.2d 130 (1992). Whether a claimant has sustained disability which is total or partial and which is temporary or permanent is a question of fact. *Harmon, supra*; *Sherard v. Bethphage Mission, Inc.*, 236 Neb. 900, 464 N.W.2d 343 (1991).

Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Starks v. Cornhusker Packing Co.*, 254 Neb. 30, 573 N.W.2d 757 (1998). See *Harmon, supra*.

In the case at bar, the trial court determined on remand that Meredith was permanently totally disabled as of May 13, 2000. The court stated that it based its determination on Meredith's testimony and on Gammel's restrictions as it quoted in its original order. The court found that Meredith is "not . . . able to perform suitable work for which he has previous training or experience." We find that this determination of the trial court is not clearly wrong.

The trial court's original order, referenced in its modified order, noted that Gammel opined:

[Meredith] suffered chronic myofascitis of the cervical spine and an aggravation injury resulting in chronic myofascitis of the lumbar spine due to a work related injury of September 1, 1999, . . . suffered no additional permanent disability because of the aggravation to his lumbar spine, and suffered a 5 percent impairment to the cervical spine as a result of the accident of September 1, 1999.

The trial court also noted in its original order that "[Meredith] testified that he had had some problems with his neck before the injury in this case, but not like that which existed after the accident at [Schwarck's]." The court then specifically found "[Meredith's] testimony to be believable and . . . that the 5 percent impairment represents an impairment to the body as a whole, attributable solely to the accident and injury to [Meredith's] cervical spine on September 1, 1999." While expert witness testimony may be necessary to establish the cause of a claimed injury, the Workers' Compensation Court does not need to depend on expert testimony to determine the degree of disability but instead may rely on the testimony of the claimant. *Cords v. City of Lincoln*, 249 Neb. 748, 545 N.W.2d 112 (1996). See *Luehring v. Tibbs Constr. Co.*, 235 Neb. 883, 457 N.W.2d 815 (1990).

The trial court stated in its original order that "[Meredith] has prior work experience as a self employed mechanic, rock quarry worker, farmer, woodcutter, and landscaper's helper." The court stated that Gammel had "established restrictions for [Meredith's] neck injury to be no repetitive arm motions, no reaching forward, and no job requiring static or frequent flexing or frequent bending of the neck." The court then found that Meredith would "have significant problems in the future with his cervical spine/neck and related headaches" and that "[w]ith these restrictions, [Meredith] is not able to perform suitable work for which he has previous training or experience." We find that the record supports the court's findings and that these findings are sufficient to establish that Meredith was permanently totally disabled. Accordingly, we find that a determination that Meredith was permanently totally disabled is not clearly wrong.

### 5. VOCATIONAL REHABILITATION SERVICES

Finally, Schwarck argues that the trial court was "clearly wrong to state that [this court] affirmed [the trial court's] conclusion that [Meredith] was entitled to vocational rehabilitation benefits." We find that Schwarck is correct that we did not affirm the trial court's original award of vocational rehabilitation services. However, we find that such error is harmless.

The trial court's original order awarded vocational rehabilitation services to Meredith on the basis of a finding that

Meredith was permanently partially disabled. On appeal, we could not conduct a meaningful appellate review without an order from the trial court that complied with rule 11. See *Meredith v. Schwarck Quarries, Inc.*, No. A-01-1318, 2002 WL 1315376 (Neb. App. June 18, 2002) (not designated for permanent publication). We did not address whether the trial court erred in awarding vocational rehabilitation services, because we could not determine whether the court erred in awarding permanent partial disability benefits, a prerequisite for awarding vocational rehabilitation services.

However, on remand, the trial court determined that Meredith was permanently totally disabled and again awarded vocational rehabilitation services. Neb. Rev. Stat. § 48-162.01(3) (Supp. 1999) provides in part:

> When as a result of the injury an employee is unable to perform suitable work for which he or she has previous training or experience, he or she is entitled to such vocational rehabilitation services, including job placement and retraining, as may be reasonably necessary to restore him or her to suitable employment.

Based on the trial court's determination that Meredith is permanently totally disabled, an award of vocational rehabilitation services is not in error.

## V. CONCLUSION

We find that the trial court was not clearly wrong in determining that Meredith was temporarily totally disabled through May 12, 2000. We further find that the review panel did not err in affirming the trial court's award of temporary total disability benefits. We also find, contrary to the review panel's holding, that the trial court, on remand, was not prohibited from modifying its original award of permanent partial disability benefits and awarding permanent total disability benefits. Finally, because Meredith is entitled to permanent total disability benefits, the trial court's award of vocational rehabilitation services is not in error. The matter is remanded to the review panel with directions to enter an order consistent with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED.