BARBARA L. WHEELER, APPELLEE, V.
DARREL BAGLEY, APPELLANT.
575 N.W.2d 616

Filed March 20, 1998.   No. S-96-662.

Leland K. Kovarik, of Holtorf, Kovarik, Ellison & Mathis, P.C., for appellant.

Michael J. Javoronok, of Michael J. Javoronok Law Firm, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

GERRARD, J.

## INTRODUCTION

Barbara L. Wheeler brought a negligence action against Darrel Bagley for injuries she sustained while working as a ranch employee for Bagley. After a trial, the jury returned a verdict that found Wheeler to be 49 percent negligent and Bagley to be 51 percent negligent with respect to Wheeler's injuries, and valued Wheeler's damages at $40,000. After the trial court entered judgment in favor of Wheeler, Wheeler filed a motion for new trial on the basis that the jury had not been instructed as to the effect of the allocation of negligence, as required by Neb. Rev. Stat. § 25-21,185.09 (Reissue 1995). The trial court sustained Wheeler's motion and ordered a new trial. Bagley timely appealed. Because we determine that the jury was not properly instructed on the effect of the allocation of negligence, as required by § 25-21,185.09, we affirm the order and remand the cause to the district court for a new trial.

## FACTUAL BACKGROUND

Wheeler was injured on November 15, 1994, when she attempted to tag a cow while working as a ranch hand for

Bagley. Wheeler brought a negligence action against Bagley, alleging that her injuries were caused because Bagley failed to (1) have the cow properly restrained, (2) provide proper equipment to restrain the cow, and (3) provide the proper number of employees to properly restrain the cow. Bagley, in turn, claimed Wheeler was contributorily negligent by (1) failing to maintain a proper lookout, (2) placing her head in close proximity to the head of the cow, and (3) failing to make certain that the head of the cow was restrained before placing her head in a position such that she could be struck by the cow if the cow moved its head.

At trial, an instruction conference was held before the case was submitted to the jury, and neither party had any objections to the instructions adopted by the court which are relevant to this appeal. The trial court's verdict form No. 3, set forth below, which was to be used by the jury if it found that both the plaintiff and the defendant had met their respective burdens of proof regarding negligence and contributory negligence, was taken from NJI2d Civ. 5.05.

The jury returned a verdict in favor of Wheeler on verdict form No. 3, completed as follows:

## VERDICT FORM NO. 3

We the jury find that both the plaintiff and the defendant have met their burdens of proof.

**LIST OF PERCENTAGES:**

What percent of the negligence was Barbara Wheeler's? 49%

What percent of the negligence was Darrel Bagley's? 51%

The total negligence must add up to 100%

**TOTAL = 100%**

If the negligence of the plaintiff equals 50% or more, then you must return a verdict for the defendant: date and sign a verdict for the defendant and return it to the court.

If the negligence of the plaintiff is less than 50%, then you must return a verdict for the plaintiff and, using Instruction No. 10, you must determine the amount of damage suffered by plaintiff, and enter that figure.

Plaintiff's damages, figured pursuant to Instruction No. 10, are $40,000.

DATED: 4-9-96[.]

The verdict form is reproduced in the trial court's journal entry dated April 9, 1996, and filed on April 19, which journalizes the trial proceedings and concludes: "The court accepted the verdict and rendered judgment thereon." The journal entry does not state the amount of the judgment that was rendered as a result of the jury verdict.

After the trial, Wheeler filed a motion seeking a new trial on the basis that the court had failed to instruct the jury on the effects of its allocation of negligence, as required by § 25-21,185.09. A hearing on the motion for new trial was held. At the hearing, Wheeler's attorney argued that the jury verdict form should be interpreted to mean that the verdict was $40,000. Bagley's attorney, on the other hand, argued that the verdict form should be interpreted to mean that Wheeler's total damages were $40,000 and that amount should be reduced by the percentage of her negligence, leaving a verdict in the amount of $20,400. The trial court declined to state what it believed the verdict amount to be and, instead, granted the motion for new trial because the jury was not instructed as required by the statute. The trial judge candidly noted that this was the court's and the plaintiff's attorney's first case under the new allocation statute. The trial court concluded that the NJI2d Civ. 5.05 verdict form was not adequate to fulfill the statutory requirement and that therefore, it had no choice but to sustain the motion for new trial. Bagley timely appealed.

## ASSIGNMENT OF ERROR

Bagley asserts that the trial court erred in determining that, under the facts and circumstances of this case, Wheeler was entitled to a new trial on the basis that the trial court failed to properly instruct the jury with respect to the effects of its allocation of negligence.

## STANDARD OF REVIEW

A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion. *Abboud v. Papio-Missouri River NRD,*

253 Neb. 514, 571 N.W.2d 302 (1997); *Ray Tucker & Sons v. GTE Directories Sales Corp.*, 253 Neb. 458, 571 N.W.2d 64 (1997).

When reviewing a question of law, however, an appellate court reaches a conclusion independent of the lower court's ruling. *State ex rel. Garvey v. County Bd. of Comm.*, 253 Neb. 694, 573 N.W.2d 747 (1998); *Johnson v. School Dist. of Millard*, 253 Neb. 634, 573 N.W.2d 116 (1998).

## ANALYSIS

It is well established that a trial court, whether requested to do so or not, has a duty to instruct the jury on issues presented by the pleadings and the evidence. *McLaughlin v. Hellbusch*, 251 Neb. 389, 557 N.W.2d 657 (1997); *Long v. Hacker*, 246 Neb. 547, 520 N.W.2d 195 (1994). Moreover, it is the duty of the trial court to instruct on the proper law of the case, and failure to do so constitutes prejudicial error. *Heye Farms, Inc. v. State*, 251 Neb. 639, 558 N.W.2d 306 (1997); *Ketteler v. Daniel*, 251 Neb. 287, 556 N.W.2d 623 (1996).

Bagley first contends that because Wheeler did not object to the court's jury instructions at the time of the instruction conference, she cannot raise an error in the instructions on appeal. Ordinarily, the failure to object to instructions when submitted to counsel for review will preclude raising an objection thereafter. However, that does not prevent the trial judge from correcting his or her instruction error by sustaining a motion for a new trial. *Omaha Mining Co. v. First Nat. Bank*, 226 Neb. 743, 415 N.W.2d 111 (1987); *McCready v. Al Eighmy Dodge*, 197 Neb. 684, 250 N.W.2d 640 (1977).

The trial court found that its instructions to the jury did not satisfy the requirements of § 25-21,185.09. Section 25-21,185.09 applies to all cases, including the instant case, where the cause of action accrued on or after February 8, 1992, and in which contributory negligence is a defense. The statute states:

Any contributory negligence chargeable to the claimant shall diminish proportionately the amount awarded as damages for an injury attributable to the claimant's contributory negligence but shall not bar recovery, except that if the contributory negligence of the claimant is equal to or

greater than the total negligence of all persons against whom recovery is sought, the claimant shall be totally barred from recovery. *The jury shall be instructed on the effects of the allocation of negligence.*
(Emphasis supplied.) § 25-21,185.09.

The statute, which was enacted as part of the comparative negligence statutory scheme in 1992, mandates that juries that have been instructed on contributory negligence as a defense must also be instructed on the ultimate effect of their allocation of negligence to each party. Some background is helpful to place into context the legislative mandate of § 25-21,185.09 to instruct juries "on the effects of the allocation of negligence."

In contrast to the requirement in § 25-21,185.09 that the jury be informed of the effect of its allocation of negligence in contributory negligence cases, initially some courts in comparative negligence states prohibited the jury from having such information. See, e.g., *McCourtie v. United States Steel Corp.*, 253 Minn. 501, 93 N.W.2d 552 (1958); *Grasso v. Motor Freight Lines*, 125 Tex. 154, 81 S.W.2d 482 (1935); *Coats vs. Town of Stanton*, 90 Wis. 130, 62 N.W. 619 (1895). The so-called blindfold rule adopted by these early courts was based on the belief that because the jury's role is to act as the fact finder, it should not have an interest in determining how the law is applied to the facts that are found. A jury informed of the effect of its factfinding, it was believed, might try to manipulate the allocation of negligence in order to achieve what it perceived to be a more desirable result. See *Roman v. Mitchell*, 82 N.J. 336, 413 A.2d 322 (1980).

There has been, however, a strong, if not overwhelming, recent trend away from the blindfold rule in comparative negligence states and toward a requirement that juries be fully informed as to the effects of their allocation of negligence through an "ultimate outcome charge." The requirement of an ultimate outcome charge has been variously imposed by legislative action, court rule, and judicial decision. See, e.g., *Loup-Miller v. Brauer & Ass'n*, 40 Colo. App. 67, 572 P.2d 845 (1977) (legislative amendment of statute); *Krengel v. Midwest Automatic Photo, Inc.*, 295 Minn. 200, 203 N.W.2d 841 (1973) (court rule); *Roman v. Mitchell, supra* (judicial decision). In the

jurisdictions which have rejected the blindfold rule, there is a recognition that despite attempts to keep the jury "in the dark," some jurors will guess about the effect of the law, and there is, therefore, a risk that decisions will be shaped by misimpressions of the law. See *Kaeo v. Davis*, 68 Haw. 447, 719 P.2d 387 (1986). Not informing the jury about the effects of its allocation of negligence "is likely to cause an unjust result and produce a judgment which does not reflect the wisdom of the jury or their view of the facts, but only their ignorance of [the] law." *Seppi v. Betty*, 99 Idaho 186, 194, 579 P.2d 683, 691 (1978).

The Nebraska Legislature has chosen to require that the jury be fully and openly informed before making its determinations with respect to contributory negligence and the attendant allocation of negligence. Section 25-21,185.09 contains a clear mandate to that effect, and the courts of this state may not circumvent the ultimate outcome charge requirement, either purposely or inadvertently. Likewise, we are without power to ignore the plain language of § 25-21,185.09. It is not within the province of a court to read a meaning into a statute that is not there, or to read anything direct and plain out of a statute. *State ex rel. City of Elkhorn v. Haney*, 252 Neb. 788, 566 N.W.2d 771 (1997); *Village of Winside v. Jackson*, 250 Neb. 851, 553 N.W.2d 476 (1996).

With the foregoing in mind, we now consider Bagley's assignment of error. It is undisputed that no instruction was given regarding the effects of the allocation of negligence in the instant case. Nevertheless, Bagley contends that the instructions, taken as a whole, adequately instructed the jury as to the effects of the allocation of negligence and that neither party was prejudiced by the omission. We disagree.

It is true that the verdict form returned by the jury states that if the contributory negligence of the plaintiff is equal to or greater than the negligence of the defendant, then the jury must return a verdict for the defendant. However, the verdict form is not a substitute for a proper instruction, and, in any event, the verdict form did not adequately convey the effects of the allocation of negligence in the present case. The jury was never instructed that in the event the plaintiff was found to be less than 50-percent contributorily negligent, the damages would be

decreased in proportion to the degree of the plaintiff's contributory negligence. The proportional diminution of damages aspect of the law of contributory negligence is of equal importance to the aspect that contributory negligence equal to or greater than the negligence of the defendant will bar a plaintiff from recovering damages. As the West Virginia Supreme Court recognized in *Adkins v. Whitten*, 171 W. Va. 106, 109, 297 S.E.2d 881, 884 (1982):

> From a practical standpoint it is apparent that a jury, given the type of verdict form . . . which requires a gross damage verdict and a finding of the plaintiff's percentage of negligence, may well surmise that the plaintiff's negligence may reduce his damage award. It seems to us that a jury's deliberations should not be attended by such surmises but rather they should be openly informed as to the legal principles involved in our comparative negligence doctrine so that they may make a rational decision.

The Nebraska Legislature has made the same judgment that a jury should be fully and openly informed with respect to the effects of the allocation of negligence in every case. See § 25-21,185.09. Therefore, for those cases where the cause of action accrued on or after February 8, 1992, and in which contributory negligence is a defense, we hold that it is prejudicial error for the trial court to not properly instruct a jury on the effects of its allocation of negligence in accordance with § 25-21,185.09.

Recognizing that § 25-21,185.09 does not give guidance as to the method of instruction "on the effects of the allocation of negligence" in cases where a jury finds some contributory negligence on the part of the plaintiff, we offer the following instruction to the bar and trial courts as a guideline to be utilized in single-defendant negligence cases, and adjusted as the circumstances of a particular case merit:

> If you find the plaintiff, (name), was damaged and that the plaintiff's damages were proximately caused by both the negligence of the plaintiff, (name), and the defendant, (name), then you must determine to what extent the negligent conduct of each contributed to the damages of the plaintiff, expressed as a percentage of 100 percent.

If you find that both the plaintiff and the defendant were negligent and that the negligence of the plaintiff was equal to or greater than the negligence of the defendant, then the plaintiff will not be allowed to recover.

If you find that both the plaintiff and the defendant were negligent and that the negligence of the defendant was greater than the negligence of the plaintiff, then the plaintiff will be allowed to recover.

If the plaintiff is allowed to recover, you will first determine the plaintiff's total damages without regard to his or her percentage or degree of negligence.

If the plaintiff is allowed to recover, you will then reduce the total damages by the percentage of the plaintiff's negligence.

See, e.g., 1 Comparative Negligence Manual § 13:18 (3d ed. 1995) (quoting Colorado jury instruction No. 9:31 for use in jurisdictions where plaintiff's equal or greater negligence will defeat recovery); 3 Arthur Best, Comparative Negligence Law and Practice § 18.30(3) (1998) (quoting with approval jury instruction in *Adkins v. Whitten, supra*, for instructing jury on effect of its findings).

Furthermore, we offer the following verdict form to be utilized in single-defendant negligence cases, and adjusted as the circumstances merit, in conjunction with the instruction regarding the effects of the allocation of negligence in cases where a jury finds some contributory negligence on the part of the plaintiff:

VERDICT FORM NO. _____

We the jury find that both the plaintiff and the defendant have met their burdens of proof. We answer the questions on Verdict Form No. _____ as follows:

LIST OF PERCENTAGES:

What percent of the negligence was (here insert name of plaintiff)'s?                          _____%

What percent of the negligence was (here insert name of defendant)'s?                          _____%

The total negligence must add up to 100%. TOTAL = 100%

If the negligence of the plaintiff equals 50% or more, then you must return a verdict for the defendant: date and sign a verdict for the defendant and return it to the court.

If the negligence of the plaintiff is less than 50%, then you must return a verdict for the plaintiff and, using Instruction No. _____, you must determine the total amount of damage suffered by the plaintiff and enter that figure below.

Plaintiff's total damages, figured pursuant to Instruction No. _____, are $_____.

Multiply the total damages, from above, by the percent of negligence attributable to the defendant to determine the amount of damages that the plaintiff may recover and enter that figure below.

Amount of damages plaintiff may recover: $_____.

DATED: _____.

Because the trial court has a duty to instruct the jury on the proper law of the case, whether specifically requested to do so by the parties or not, and because we hold that the failure to instruct a jury with respect to the effects of its allocation of negligence in accordance with § 25-21,185.09 is prejudicial error, we conclude that the trial court did not abuse its discretion in sustaining Wheeler's motion for new trial. Not only did the trial court not abuse its discretion, the trial court is to be commended for its *use of discretion* in recognizing its mistake in instructing the jury and accordingly ordering a new trial in the instant case.

Finally, Wheeler asserts in her brief that a new trial in this matter should be limited to the issue of damages. We do not agree. Wheeler admits that in her motion to the trial court she asked for a new trial, not a new trial on the issue of damages alone. Furthermore, the rationale behind requiring a jury instruction on the effects of the jury's allocation of negligence militates against a new trial on damages only. The statute requires that the jury be fully informed of the impact that its allocation of negligence will have on the parties. Both the jury's finding of liability and the allocation of negligence are the targets of the instruction required under § 25-21,185.09; thus, the jury should be fully aware of the ramifications of its allocation of negligence so that it may make a careful and considered

determination regarding the apportionment of liability. It would be enigmatical to remand this cause for a new trial on damages only when the missing instruction is to be used by the jury in its determination of both liability and the attendant allocation of negligence.

## CONCLUSION

Accordingly, we affirm the order of the district court and remand this cause to the district court for a new trial.

AFFIRMED AND REMANDED
FOR A NEW TRIAL.