DONALD RAY FISCEL, APPELLEE, V. RANDALL BEACH,
DOING BUSINESS AS PROGRESSIVE RENTALS, APPELLANT.
578 N.W. 2d 52

Filed May 22, 1998.    No. S-96-1085.

Terry K. Gutierrez, of Gast, Ratz & Gutierrez, P.C., for appellant.

John H. Sohl for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WHITE, C.J.

This is a slip-and-fall lawsuit which appellee, Donald Ray Fiscel, filed against appellant, Randall Beach, doing business as Progressive Rentals, after Fiscel injured his lower back due to a slip and fall on an icy driveway in Beach's trailer park. Linda Fiscel also filed suit against Beach for loss of consortium; her claim is not at issue.

At the close of Fiscel's evidence, Beach moved for a directed verdict, arguing Fiscel was contributorily negligent and assumed the risk of walking on the snow- and ice-covered driveway; the court denied the motion. Beach presented his case and again moved for a directed verdict, which the court again overruled. The court then submitted the matter to the jury. The verdict announced that Fiscel and Beach were both negligent, 40 percent and 60 percent respectively.

The jury determined Fiscel sustained $63,500 in damages, but did not specify whether Fiscel should receive 100 percent or 60 percent of the $63,500. In an off-the-record conversation with several members of the jury, the district court determined Fiscel should receive the entire $63,500. Beach moved for judgment notwithstanding the verdict, which the court denied. Beach then appealed to the Nebraska Court of Appeals, and we removed the case to our docket pursuant to our power to regulate the caseloads of the Court of Appeals and this court. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

Rephrased and summarized, Beach's contentions are that the district court erred in overruling his motions for directed verdict and for judgment notwithstanding the verdict, and in entering judgment in favor of Fiscel for the entire $63,500.

In addressing Beach's first two assignments of error, we must determine whether the district court was correct in denying Beach's motions for directed verdict and judgment notwithstanding the verdict. The rules regarding such motions are well settled. A trial court should direct a verdict as a matter of law only when the facts are conceded, undisputed, or such that reasonable minds can draw but one conclusion therefrom.

*Alexander v. Warehouse*, 253 Neb. 153, 568 N.W.2d 892 (1997). The party against whom a verdict is directed is entitled to have every controverted fact resolved in his or her favor and to have the benefit of every inference which can reasonably be drawn from the evidence. *Id.* If there is any evidence which will sustain a finding for the party against whom the motion is made, the case may not be decided as a matter of law. *Id.* In addition, a motion for judgment notwithstanding the verdict may be granted when the movant's previous motion for directed verdict, made at the conclusion of all the evidence, should have been sustained. *Farmers & Merchants Bank v. Grams,* 250 Neb. 191, 548 N.W.2d 764 (1996); *Palmtag v. Gartner Constr. Co.,* 245 Neb. 405, 513 N.W.2d 495 (1994).

Resolving every controverted fact in favor of Fiscel and affording him the benefit of every reasonable inference deducible from the evidence, we find the following is disclosed: Fiscel was a resident in a mobile home located in a trailer park owned, operated, and maintained by Beach. On the day of the accident, the weather was below freezing and there was accumulated snow and ice on the ground. At approximately 2 p.m., Fiscel decided to go outside and start his car to prevent the battery and radiator from freezing. In an attempt to "kill two birds with one stone," Fiscel also took with him a small bag of garbage that he intended to throw away in a garbage receptacle after starting his car.

Geographically, Fiscel's mobile home was located on the northeast corner of a cul-de-sac-shaped gravel driveway. The garbage receptacle was located approximately 55-60 yards directly southwest of the trailer, and the car was located approximately halfway between the trailer and the garbage receptacle. The most direct route to the car and garbage receptacle required Fiscel to traverse the gravel driveway, which was on a slight incline. There were no sidewalks.

The evidence in the record indicates that the driveway was snowy, ice covered, and slippery and that it had not been plowed, salted, graveled, or treated with an abrasive substance. The evidence suggests that snow removal was Beach's responsibility, since the driveway was considered a common area, and that Beach had hired a maintenance man to maintain the trailer

park and driveway. However, snow and ice had remained for a period of least 4 weeks without plowing or treatment.

Fiscel was aware the driveway was snow- and ice-covered, and he took "very small steps" and walked slowly to ensure he would not fall. En route to the car and the garbage receptacle, Fiscel slipped on the snow and ice which had accumulated. As his feet slipped out from under him, Fiscel fell to the ground. Unable to brace himself with his hands, Fiscel fell directly on his hip, injuring his lower back.

Beach argues the motions for directed verdict and judgment notwithstanding the verdict should have been granted because Fiscel was either contributorily negligent or assumed the risk involved in traversing the driveway. Beach claims that Fiscel voluntarily traversed the driveway, even though he knew the driveway was ice- and snow-covered. Regardless of Beach's assertions, such claims regarding Fiscel's conduct do not comport with recent Nebraska case law.

In *Carnes v. Weesner*, 229 Neb. 641, 428 N.W.2d 493 (1988), plaintiff filed suit when she slipped and fell on snow and ice in defendants' parking lot while attempting to enter her automobile after leaving defendants' office. At trial, the testimony indicated the weather was cold and cloudy and plaintiff knew the parking lot was snow- and ice-covered. Despite this knowledge, plaintiff attempted to leave defendants' office and enter her car. En route, plaintiff slipped and fell, injuring her lower back. Defendants moved for a directed verdict and later for judgment notwithstanding the verdict, both of which motions were overruled. On appeal, defendants argued the trial court erred in overruling the motions. We stated:

> There was evidence that the parking lot was icy and snow-packed on the date that plaintiff slipped and fell and that this condition had developed over a period of time. There was also evidence that this ice and compacted snow could have been removed; that the application of salt, sand, or other abrasives would have improved traction in the lot; and that such abrasives were not applied. With regard to defendants' knowledge of the lot's condition, evidence was adduced to show that one of the defendants walked

across the lot from his car to the building each workday and thus was on notice of the slippery conditions. *Id.* at 644, 428 N.W.2d at 496. We concluded that the testimony adduced during trial produced sufficient evidence to submit a question of fact to the jury.

Similarly, in *McDermott v. Platte Cty. Ag. Socy.*, 245 Neb. 698, 515 N.W.2d 121 (1994), we addressed a situation in which plaintiff knew of the danger created by an ice- and snow-covered parking lot and voluntarily exposed herself to the danger by exiting her car and proceeding to walk across the icy parking lot. Defendant claimed plaintiff assumed the risk. We reiterated that the evidence must show that the plaintiff knew of the danger, understood the danger, and voluntarily exposed himself or herself to the danger which proximately caused the plaintiff's injury. We determined that defendant's assumption of the risk claim should have been submitted to the jury and stated that "[i]n Nebraska, winter snow and ice are a fact of life, and one does not automatically assume the risk by walking across a snow- or ice-covered parking lot." *Id.* at 706, 515 N.W.2d at 127. We further stated that a plaintiff's acceptance of a risk is not voluntary if the defendant's conduct has left him or her no reasonable alternative course of conduct to exercise a right or privilege of which the defendant has no right to deprive him or her. We concluded that whether plaintiff's actions were voluntary and whether defendant's conduct left plaintiff with a reasonable alternative course of conduct were questions of fact which should have been submitted to the jury.

Likewise, in *Schwab v. Allou Corp.*, 177 Neb. 342, 128 N.W.2d 835 (1964), a tenant slipped and fell on ice at an apartment house entryway. We said that even if a plaintiff has knowledge of a dangerous condition, the condition cannot make him or her a captive in his or her own home. See *id.* We concluded that plaintiff had not assumed the risk because she had no other reasonable alternative course of conduct.

The same reasoning has also been applied in contributory negligence cases. In *Tichenor v. Lohaus*, 212 Neb. 218, 322 N.W.2d 629 (1982), we addressed a situation wherein plaintiff slipped and fell on defendant's icy parking lot ramp. We concluded that " '[i]f the defendant's negligence has made the

plaintiff's exercise of a right or privilege impossible unless he exposes himself to a risk of bodily harm, the plaintiff is not guilty of contributory negligence in so doing unless he acts *unreasonably.*'" (Emphasis supplied.) *Id.* at 224, 322 N.W.2d 633. We held the trial court did not err in submitting the case to the jury and in denying defendant's motion for directed verdict.

Similarly, defendant in *Schwab, supra,* also contended plaintiff was contributorily negligent. We again rejected defendant's claim and stated that given the reasonable fashion in which plaintiff carefully picked her way out of the entrance to the apartment on the icy porch, defendant's motion for judgment notwithstanding the verdict was correctly denied and that the issue of comparative negligence was properly submitted to the jury.

In resolving every controverted fact in favor of Fiscel and affording him the benefit of every reasonable inference deducible from the evidence, it cannot be said as a matter of law that Fiscel assumed the risk or was contributorily negligent in traversing the ice- and snow-covered driveway. That is, whether Fiscel voluntarily accepted the risk of traversing the driveway, acted unreasonably, or had a reasonable alternative course of conduct were proper issues to be determined by the trier of fact. The district court's denial of Beach's motion for directed verdict was correct. See *Alexander v. Warehouse,* 253 Neb. 153, 568 N.W.2d 892 (1997). The district court's denial of Beach's motion for judgment notwithstanding the verdict was also correct. As we have stated, a motion for judgment notwithstanding the verdict may be granted only when the movant's previous motion for directed verdict, made at the conclusion of all the evidence, should have been sustained. See, *Farmers & Merchants Bank v. Grams,* 250 Neb. 191, 548 N.W.2d 764 (1996); *Palmtag v. Gartner Constr. Co.,* 245 Neb. 405, 513 N.W.2d 495 (1994).

In Beach's final assignment of error, Beach argues the district court erred in entering judgment in favor of Fiscel for the full amount of the jury verdict, notwithstanding the jury's 40 percent versus 60 percent allocation of negligence.

The jury determined Fiscel was 40 percent negligent and Beach was 60 percent negligent. The jury also determined

Fiscel sustained $63,500 in damages; yet, the jury failed to indicate whether Fiscel should receive 100 percent or 60 percent of the $63,500. In an attempt to clarify this ambiguity, the district judge engaged in an off-the-record conversation with one or more jurors after the jury had been discharged. The jurors in question indicated that the jury intended Fiscel to receive the entire $63,500. The district court subsequently entered judgment reflecting this conversation. In this respect, Beach contends the district court's error lies in the judge's off-the-record conversation with the jury. However that may be, an overriding issue lies in the district court's failure to provide a proper verdict form and a written jury instruction regarding the effect of the allocation of negligence.

Six verdict forms were provided to the jury, only two of which were used, Nos. 4 and 6. Verdict form No. 4 provided for the allocation of negligence in the event the jury determined both parties were negligent and stated: "*We, the Jury duly impanelled and sworn in the above entitled cause do find* Both Randall Beach and Donald Fiscel were negligent. Randall Beach's negligence was 60%. Donald Fiscel's negligence was 40%." The jury thus allocated 40 percent negligence to Fiscel and 60 percent negligence to Beach.

Verdict form No. 6 provided a space for the jury to enter Fiscel's damages and stated: "*We, the Jury duly impanelled and sworn in the above entitled cause do find* Randall Beach was negligent and Donald Fiscel's negligence was less than 50% and, therefore, find for plaintiffs. Donald Fiscel's Damages are $63,500. Linda Fiscel's damages are $0." The jury determined Fiscel sustained $63,500 in damages. However, the jury was not provided a verdict form, a written jury instruction, or an oral instruction regarding the effect of its allocation of negligence.

This issue was recently addressed and resolved in *Wheeler v. Bagley, ante* p. 232, 575 N.W.2d 616 (1998). In *Wheeler*, we addressed a situation where the trial court failed to instruct the jury on the effect of the allocation of negligence as required by Neb. Rev. Stat. § 25-21,185.09 (Reissue 1995). We determined the language contained in § 25-21,185.09, requiring the jury to be instructed regarding the effect of the allocation of negligence, was mandatory. We held that "the failure to instruct a

jury with respect to the effects of its allocation of negligence in accordance with § 25-21,185.09 is prejudicial error . . . ." *Wheeler, ante* at 241, 575 N.W.2d at 621.

In the case at bar, the district court's failure to instruct the jury regarding the effect of the allocation of negligence was neither assigned nor argued by either party. Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *Miller v. Brunswick*, 253 Neb. 141, 571 N.W.2d 245 (1997). Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Id.*

We find the district court committed plain error by failing to instruct the jury or provide the jury with a verdict form regarding the effect of the allocation of negligence. We reverse, and remand for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.