KEVIN D. RUSSELL, APPELLANT, V.
BRANT STRICKER AND LEE SWIRES, APPELLEES.

635 N.W.2d 734

Filed November 30, 2001.   No. S-00-264.

James L. Zimmerman, of Sorensen & Zimmerman, P.C., for appellant.

John F. Simmons, of Simmons, Olsen, Ediger, Selzer, Ferguson & Carney, P.C., for appellee Stricker.

Leland K. Kovarik, of Holtorf, Kovarik, Ellison & Mathis, P.C., for appellee Swires.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

Kevin D. Russell brought a negligence action against Brant Stricker and Lee Swires (collectively defendants) for injuries Russell sustained as a passenger in Stricker's truck when Stricker engaged in a speed contest with Swires. The jury found Russell 36 percent negligent, Stricker 47 percent negligent, and Swires 17 percent negligent. Russell was awarded $17,330, which was 64 percent of the $27,077 total award. The court granted Stricker's motion for a credit against the judgment and reduced Russell's judgment by $5,000. Russell appealed. We moved this case to our docket pursuant to our power to regulate

the Nebraska Court of Appeals' caseload and that of this court. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## FACTUAL BACKGROUND

On March 3, 1995, Stricker engaged in a speed contest with Swires in Scottsbluff, Nebraska, which resulted in an accident when Stricker lost control of the truck he was operating and struck a light pole. Russell, a passenger in Stricker's truck at the time of the accident, brought this negligence action against defendants, seeking damages for his injuries. Defendants contended that Russell was contributorily negligent.

At the jury instruction conference at the close of evidence, defendants did not object to the court's proposed instructions and Russell objected only to the extent that the instructions referred to Russell's assumption of the risk or contributory negligence. The court gave the jury five instructions and three verdict forms. Jury instruction No. 2, under "C. Effect of Findings," informed the jury how to utilize the verdict forms. The instruction stated:

1. If the Plaintiff failed to meet his burden of proof against the Defendants then your verdict must be for the Defendants and you will complete only Verdict Form Number 1. However, if the Plaintiff has met his burden of proof, then you must consider the defendant's defenses.

2. If the Defendants have met their burden of proof that the Plaintiff assumed the risk, then your verdict must be for the Defendants, and this is true even if you find that one or both of the Defendants were negligent and this negligence was also a proximate cause of Plaintiff's injury. You will complete only Verdict Form Number 1. If the Defendants have not met their burden of proof, you must disregard the defense of "assumption of risk".

3. If the Plaintiff has met his burden of proof against Defendant Stricker or Defendant Swires or both, AND the Defendants HAVE NOT met their burden of proof that the Plaintiff was also negligent, then your verdict must be for the Plaintiff in the amount of damages you find, and you will complete only Verdict Form Number 2.

4. If the Plaintiff has met his burden of proof against Defendant Stricker or Defendant Swires or both, AND the

Defendants HAVE met their burden of proof that the Plaintiff was also negligent then you must complete only Verdict Form Number 3.

(Emphasis in original.)

After receiving these instructions, the jury deliberated and returned verdict form No. 3. Using verdict form No. 3, the jury allocated percentages of negligence to each of the parties as follows: Russell, 36 percent; Stricker, 47 percent; and Swires, 17 percent. The jury then found that Russell had incurred total damages of $27,077. The jury, finding that the sum of both defendants' negligence totaled 64 percent, multiplied that percentage by $27,077 to determine that Russell was entitled to recover $17,330 in damages. The district court entered judgment against defendants for that amount on January 25, 2000.

Russell filed a motion for new trial on January 31, 2000. A hearing was held on February 9 regarding the motion for new trial and Stricker's motions for credit against the judgment. The court overruled Russell's motion for new trial and granted Stricker's motion for credit against the judgment, reducing Stricker's judgment by $5,000 to $12,330. Russell appealed.

## ASSIGNMENTS OF ERROR

Russell asserts as error that (1) the court failed to properly instruct the jury with respect to the effects of its allocation of negligence as required by Neb. Rev. Stat. § 25-21,185.09 (Reissue 1995) and (2) the court erred in sustaining Stricker's motion for credit against the judgment in the sum of $5,000 pursuant to the medical payments coverage provision in Stricker's automobile insurance policy and Neb. Rev. Stat. § 25-1222.01 (Reissue 1995).

## STANDARD OF REVIEW

■ Whether a jury instruction given by a trial court is correct is a question of law. *Maxwell v. Montey, ante* p. 160, 631 N.W.2d 455 (2001).

■ When reviewing questions of law, an appellate court has an obligation to resolve the question independently of the conclusion reached by the trial court. *Smith v. Fire Ins. Exch. of Los Angeles*, 261 Neb. 857, 626 N.W.2d 534 (2001); *Pleiss v. Barnes*, 260 Neb. 770, 619 N.W.2d 825 (2000).

## ANALYSIS

### JURY INSTRUCTIONS AND VERDICT FORMS

Russell contends the district court did not properly instruct the jury regarding the effects of its allocation of negligence as required by § 25-21,185.09. This is a question of statutory interpretation. Section 25-21,185.09 states:

> Any contributory negligence chargeable to the claimant shall diminish proportionately the amount awarded as damages for an injury attributable to the claimant's contributory negligence but shall not bar recovery, except that if the contributory negligence of the claimant is equal to or greater than the total negligence of all persons against whom recovery is sought, the claimant shall be totally barred from recovery. The jury *shall be instructed* on the effects of the allocation of negligence.

(Emphasis supplied.) We have concluded previously that "it is prejudicial error for the trial court to not properly instruct a jury on the effects of its allocation of negligence in accordance with § 25-21,185.09." *Wheeler v. Bagley*, 254 Neb. 232, 239, 575 N.W.2d 616, 620 (1998). In *Wheeler*, the trial court did not instruct the jury or provide a verdict form that sufficiently conveyed the effects of the allocation of negligence. The result was a jury verdict form that found 49 percent negligence on the plaintiff's part, 51 percent negligence on the defendant's part, and the plaintiff's damages in the amount of $40,000.

In *Wheeler*, the plaintiff argued that the verdict form indicated she should receive $40,000. The defendant, however, asserted that the verdict form indicated the plaintiff's total damages were $40,000 and should be reduced by the plaintiff's percentage of negligence, which would result in a $20,400 award for the plaintiff. The trial court granted a new trial because it concluded that the jury instruction given did not comply with the requirements of § 25-21,185.09. In *Wheeler*, we affirmed the decision of the trial court and provided a jury instruction and a verdict form as guidelines to be used in single-defendant negligence cases and "adjusted as the circumstances of a particular case merit." 254 Neb. at 239, 575 N.W.2d at 621.

The district court's jury instructions in this case are not consistent with the instructions we provided in *Wheeler*. The district

court's instruction No. 2, part C, speaks only in terms of whether plaintiff and defendants have met their burden of proof, but it never addresses what the result will be if " 'the negligence of the plaintiff was equal to or greater than the negligence of the defendant' " or how " '[i]f the plaintiff is allowed to recover, you will then reduce the total damages by the percentage of the plaintiff's negligence,' " as *Wheeler* requires. 254 Neb. at 240, 575 N.W.2d at 620-21. Therefore, the district court did not give the jury instruction required by § 25-21,185.09. Defendants assert that even in the absence of a formal jury instruction, the jury was adequately instructed in this case pursuant to § 25-21,185.09 by the verdict form the district court provided. This raises the issue of whether a verdict form may serve as a substitute for the instruction required by § 25-21,185.09.

■ Section 25-21,185.09 states, "The jury shall be *instructed* on the effects of the allocation of negligence." (Emphasis supplied.) This court has consistently understood the plain meaning of the word "instructed" in § 25-21,185.09 to require formal jury instructions. See, e.g., *Wheeler, supra.*

Allowing a verdict form to substitute for a proper jury instruction is inconsistent with the historical underpinnings of § 25-21,185.09. As we discussed in *Wheeler*, courts and legislatures across the nation have adopted various rules regarding informing juries of the effects of their allocation of negligence. Some courts enforce the so-called blindfold rule, which requires that jurors deliberate with no knowledge of the effect of the allocation of negligence between plaintiffs and defendants. In these jurisdictions, it is reversible error to inform the jury of the effects of its allocation of negligence. See, e.g., *McGowan v. Story*, 70 Wis. 2d 189, 234 N.W.2d 325 (1975). The blindfold rule is based on the concern that jurors might "attempt to manipulate the apportionment of negligence to achieve a result that may seem socially desirable." *Id.* at 198, 234 N.W.2d at 329.

As we noted in *Wheeler*, there has been a "strong, if not overwhelming, recent trend away from the blindfold rule in comparative negligence states." *Wheeler v. Bagley*, 254 Neb. 232, 237, 575 N.W.2d 616, 619 (1998). See, also, *Sollin v. Wangler*, 627 N.W.2d 159 (N.D. 2001) (citing jurisdictions with statutes, court rules, and judicial decisions that allow juries to be informed of

consequences of allocation of negligence). These jurisdictions have determined that failing to instruct the jury on the effects of the allocation of negligence only "propagates error" and "propels the jury to arrive at verdicts that may have legal effects different from those the jury believed were warranted." Price Ainsworth & Mike C. Miller, *Removing the Blindfold: General Verdicts and Letting the Jury Know the Effects of Its Answers*, 29 S. Tex. L. Rev. 233, 234 (1987). See, also, Stuart F. Schaffer, Comment, *Informing the Jury of the Legal Effect of Special Verdict Answers in Comparative Negligence Actions*, 1981 Duke L.J. 824, 842 (noting concern of some courts that "uninformed jurors, anticipating the legal effect of the numerical findings, will speculate incorrectly and render a verdict that does not reflect the jury's true intent"). The legislatures and courts in these states have decided that a " ' "jury is not to be set loose in a maze of factual questions, to be answered without intelligent awareness of the consequences." ' " *Seppi v. Betty*, 99 Idaho 186, 192, 579 P.2d 683, 689 (1978) (quoting *Porche v. Gulf Mississippi Marine Corporation*, 390 F. Supp. 624 (E.D. La. 1975)).

In enacting § 25-21,185.09, the Nebraska Legislature has required that juries be instructed on the effects of the allocation of negligence. "The Nebraska Legislature has chosen to require that the jury be fully and openly informed before making its determinations with respect to contributory negligence and the attendant allocation of negligence." *Wheeler*, 254 Neb. at 238, 575 N.W.2d at 619. In Nebraska, the trial court must inform the jury that the ultimate outcome of a 50-50 allocation of negligence between a plaintiff and a defendant will be a verdict in favor of the defendant; the plaintiff will recover nothing. A jury cannot be "fully and openly informed before making its determination" when it does not receive this proper ultimate outcome charge. *Id.* Defendants would have this court rely on an inference that the jury will understand the effects of its responses by walking through a maze of verdict forms without proper instruction. This is in conflict with the plain language of § 25-21,185.09, which mandates removal of the blindfold. The unguided maze of verdict forms does not fulfill the Legislature's mandate.

Allowing a verdict form to substitute for a proper jury instruction would not be consistent with this court's prior rulings

interpreting § 25-21,185.09. In *Wheeler*, we stated, "[T]he verdict form is not a substitute for a proper instruction, and, in any event, the verdict form did not adequately convey the effects of the allocation of negligence in the present case." 254 Neb. at 238, 575 N.W.2d at 620.

Defendants argue that *Wheeler* is distinguishable because the district court in this case used a verdict form consistent with the verdict form provided by this court in *Wheeler*. It is true that the verdict form in this case is consistent with *Wheeler*, but the verdict form is not a substitute for a proper instruction. We specifically stated in *Wheeler* that an ultimate outcome charge is required and may not be circumvented. The verdict form in *Wheeler* was never designed to stand alone, but, rather, it was to be used "*in conjunction with* the instruction regarding the effects of the allocation of negligence in cases where a jury finds some contributory negligence on the part of the plaintiff." (Emphasis supplied.) *Wheeler v. Bagley*, 254 Neb. 232, 240, 575 N.W.2d 616, 621 (1998).

The argument that a verdict form can cure a defective jury instruction under § 25-21,185.09 was implicitly rejected in *Pleiss v. Barnes*, 260 Neb. 770, 619 N.W.2d 825 (2000). In *Pleiss*, the trial court denied the plaintiff's request for the *Wheeler* jury instruction and the plaintiff appealed. The defendant argued on appeal that the plaintiff was not prejudiced because the jury's completion of the verdict form in favor of the defendant revealed that the jury never reached the issue of contributory negligence. We found this argument to be without merit and restated our findings in *Wheeler* that "a verdict form is not a substitute for a proper instruction and that the verdict form utilized in *Wheeler* did not adequately convey the effects of the allocation of negligence in any event." *Pleiss*, 260 Neb. at 774, 619 N.W.2d at 828.

Based on our prior rulings and the plain meaning and purpose of § 25-21,185.09, we hold that a jury verdict form cannot serve as a substitute for the proper jury instruction as to the allocation of negligence. The district court erred in not properly instructing the jury as to the effects of the allocation of negligence as required by § 25-21,185.09.

## PLAIN ERROR

Nevertheless, defendants argue that even if the district court's failure to give the proper instruction is error, it is not plain error. At trial, none of the parties objected to the district court's proposed jury instructions on the basis of failing to instruct the jury as to the allocation of negligence. Failure to object to a jury instruction after it has been submitted to counsel for review precludes raising an objection on appeal absent plain error. *Maxwell v. Montey, ante* p. 160, 631 N.W.2d 455 (2001). Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Hollandsworth v. Nebraska Partners*, 260 Neb. 756, 619 N.W.2d 579 (2000).

We addressed the issue of plain error in the context of § 25-21,185.09 in *Fiscel v. Beach*, 254 Neb. 678, 578 N.W.2d 52 (1998). In *Fiscel*, the jury returned verdict forms finding that the plaintiff was 40 percent negligent and the defendant was 60 percent negligent. The jury further determined that the plaintiff's damages were $63,500, but did not indicate whether the plaintiff should recover 100 percent or 60 percent of the $63,500. The trial judge held an off-the-record conversation with the jury to clarify the ambiguity. The district court thereafter awarded a judgment of $63,500 to the plaintiff on the basis of the conversation with the jury. The defendant appealed. While the issue was not raised by either party, this court found that "an overriding issue lies in the district court's failure to provide a proper verdict form and a written jury instruction regarding the effect of the allocation of negligence." *Id.* at 684, 578 N.W.2d at 56. We noted that the jury did not receive a proper verdict form, written jury instruction, or oral instruction regarding the effect of its allocation of negligence and affirmed the holding in *Wheeler* that § 25-21,185.09 mandated a jury instruction regarding the effect of the allocation of negligence. *Fiscel, supra.* This court further found it was plain error to fail to give such an instruction. *Id.*

Defendants seek to distinguish our holdings in *Fiscel, supra,* and *Wheeler v. Bagley,* 254 Neb. 232, 575 N.W.2d 616 (1998), on the basis that in those cases, the plaintiff experienced actual prejudice because it was impossible to ascertain what the jury intended through the verdict forms. In this case, defendants argue that the jury understood and intended the effect of allocating negligence because of the clear step-by-step process of completing the verdict form. They contend that the jury's damage award would have been the same whether or not the jury had received the proper instruction. This we do not know—that is the problem.

In *Wheeler,* we stated as part of the required instruction, "'If the plaintiff is allowed to recover, you will *first* determine the plaintiff's total damages *without regard to his or her percentage or degree of negligence.*'" (Emphasis supplied.) 254 Neb. at 240, 575 N.W.2d at 620. The jury never received this charge through either the jury instructions or the verdict form. Instructing the jury of its need to first determine a plaintiff's damages without considering the plaintiff's negligence reduces the potential that the jury will inappropriately discount the plaintiff's damages. See Roselle L. Wissler et al., *Instructing Jurors on General Damages in Personal Injury Cases,* 6 Psychol. Pub. Policy & L. 712 (2000).

The jury in this case reached its verdict without this preventative instruction. Were Russell's damages inappropriately reduced, or did the jury reach the same result it would have if properly instructed? We do not know the answers to these questions. Therein lies the prejudice to Russell. As we stated in *Wheeler,* "'It seems to us that a jury's deliberations should not be attended by such surmises but rather they should be openly informed as to the legal principles involved in our comparative negligence doctrine so that they may make a rational decision.'" *Wheeler,* 254 Neb. at 239, 575 N.W.2d at 620 (quoting *Adkins v. Whitten,* 171 W. Va. 106, 297 S.E.2d 881 (1982)). In this case, we cannot determine that the jury's verdict was free of the "surmises" that concerned this court in *Wheeler,* and which the Legislature sought to eliminate in enacting § 25-21,185.09.

The Nebraska Legislature's enactment of § 25-21,185.09 created an obligation for courts to instruct juries on the effects of the allocation of negligence in every case where contributory negligence is a defense. See *Wheeler, supra.* We recognize that some

states allow a trial judge to exercise discretion in giving the instruction. See, e.g., Minn. R. Civ. P. 49.01(b) (West 1996) ("the court shall inform the jury of the effect of its answers to the comparative fault question and shall permit counsel to comment thereon, unless the court is of the opinion that doubtful or unresolved questions of law or complex issues of law or fact are involved which may render such instruction or comment erroneous, misleading, or confusing to the jury"); *Seppi v. Betty*, 99 Idaho 186, 195, 579 P.2d 683, 692 (1978) ("the trial courts should be given discretion not to so inform the jury in those cases where the issues are so complex or the legal issues so uncertain that such instructions would confuse or mislead the jury"). Other states require the parties to request the instruction. See, e.g., *Dixon v. Stewart*, 658 P.2d 591 (Utah 1982) (if requested, trial court must inform jury of effect of apportioning negligence). However, the Nebraska Legislature has made this instruction mandatory. Nebraska trial judges have no discretion regarding this type of instruction. As we have stated, "The Nebraska Legislature has made the . . . judgment that a jury should be fully and openly informed with respect to the effects of the allocation of negligence in every case." *Wheeler v. Bagley*, 254 Neb. 232, 239, 575 N.W.2d 616, 620 (1998).

The Legislature has obligated courts to give this instruction. Trial judges are "under a duty to correctly instruct on the law without any request to do so, and an appellate court may take cognizance of plain error and thus set aside a verdict because of a plainly erroneous instruction to which no previous objection was made." *Haag v. Bongers*, 256 Neb. 170, 188, 589 N.W.2d 318, 331 (1999).

"[T]he courts of this state may not circumvent the ultimate outcome charge requirement, either purposely or inadvertently." *Wheeler*, 254 Neb. at 238, 575 N.W.2d at 619-20. The obligation to instruct the jury on the allocation of negligence cannot be waived, even if a party contends that a jury found the proper "instruction" in the midst of the verdict forms. To do otherwise would "result in damage to the integrity, reputation, and fairness of the judicial process" by ignoring the Legislature's clear mandate set out in § 25-21,185.09. See *Hollandsworth v. Nebraska Partners*, 260 Neb. 756, 761, 619 N.W.2d 579, 583 (2000).

Given the clear mandate of the Legislature and this court, it is the duty of a trial court to instruct the jury on the effects of the allocation of negligence under § 25-21,185.09, and failure to do so constitutes plain error. See *Fiscel v. Beach*, 254 Neb. 678, 578 N.W.2d 52 (1998). Courts of this state have the responsibility to give the proper instruction and to ensure that compliance with § 25-21,185.09 is not made an occasion for gamesmanship. It was plain error for the district court to fail to give the proper jury instruction under § 25-21,185.09.

### REMAINING ASSIGNMENT OF ERROR

Since we hold that the district court's failure to instruct the jury on the allocation of negligence requires reversal, it is unnecessary to address Russell's remaining assignment of error. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it. See *King v. Crowell Memorial Home*, 261 Neb. 177, 622 N.W.2d 588 (2001).

## CONCLUSION

For the foregoing reasons, we reverse the decision and remand the cause to the district court for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

WRIGHT, J., dissenting.

The majority has reversed the judgment of the district court and remanded the cause for a new trial, finding plain error in the court's failure to give the proper jury instruction under Neb. Rev. Stat. § 25-21,185.09 (Reissue 1995). I respectfully dissent.

Kevin D. Russell sustained injuries while a passenger in Brant Stricker's truck when Stricker and Lee Swires engaged in a speed contest. The jury found in favor of Russell and against Stricker and Swires. The jury apportioned the negligence among Russell (36 percent), Stricker (47 percent), and Swires (17 percent). Russell was awarded $17,330, which represented 64 percent of the total award of $27,077.

Although Russell did not object to the jury instructions as given, he now asserts that the district court failed to properly instruct the jury with respect to the effect of its allocation of negligence as required by § 25-21,185.09.

We have previously held that it is prejudicial error for the trial court to not properly instruct a jury on the effects of its allocation of negligence in accordance with § 25-21,185.09. See *Wheeler v. Bagley*, 254 Neb. 232, 575 N.W.2d 616 (1998). In *Wheeler*, the jury found the plaintiff 49 percent negligent and the defendant 51 percent negligent and valued the plaintiff's damages at $40,000. Because we were unable to determine whether the jury had apportioned this amount between the plaintiff and the defendant, we reversed the judgment and remanded the cause for a new trial.

In *Pleiss v. Barnes*, 260 Neb. 770, 619 N.W.2d 825 (2000), the trial court denied the plaintiff's request for a *Wheeler*-type jury instruction. On appeal, the defendant argued that the plaintiff was not prejudiced because the jury did not reach the issue of contributory negligence, since it found in favor of the defendant. As in *Wheeler*, it was not apparent to this court that the jury had ever considered the possibility of apportioning the negligence between the parties. Thus, we reversed the judgment and remanded the cause for a new trial.

Here, the result would not have been any different had the jury been instructed in the language of § 25-21,185.09. The jury determined the total amount of the award to be $27,077. The jury then apportioned contributory negligence to Russell and awarded him $17,330.

The majority concludes that the district court's error is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. In my opinion, since the jury did what it would have been instructed to do had the district court given an instruction on the allocation of negligence, there is no plain error. The jury's verdict shows that the jury allocated the negligence among the parties.

Although the district court erred in not giving an instruction on the allocation of negligence, there is no prejudice to Russell. I would affirm.

CONNOLLY and STEPHAN, JJ., join in this dissent.