J.D. WAREHOUSE, A NEBRASKA GENERAL PARTNERSHIP, AND PAUL J. WEISS, LAURENCE J. ESCH, AND DENNIS L. ESCH, THE PARTNERS OF J.D. WAREHOUSE, APPELLANTS AND CROSS-APPELLEES, V. LUTZ & COMPANY, A PROFESSIONAL CORPORATION, SUCCESSORS OF LUTZ, FRIEDMAN & ASSOCIATES, A PROFESSIONAL CORPORATION, AND JAMES D. HONZ, INDIVIDUALLY, APPELLEES AND CROSS-APPELLANTS.

639 N.W.2d 88

Filed February 15, 2002.   No. S-00-776.

Earl G. Greene III, of Gaines, Pansing & Hogan, for appellants.

Thomas J. Guilfoyle, of Erickson & Sederstrom, P.C., for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

In this professional liability action, a partnership and its general partners seek damages resulting from incorrect advice given by a certified public accountant with respect to the tax consequences of a real estate transaction. Following a bench trial based on stipulated facts, the district court for Douglas County concluded that the accountant and his firm were negligent and therefore liable for some, but not all, of the damages claimed. The partnership and its partners perfected this appeal in which they contend that the district court erred in not awarding the additional damages which they had claimed.

## BACKGROUND

### FACTS

The undisputed facts of this case were submitted to the district court by a written stipulation, which we summarize here. J.D. Warehouse (the partnership) is a Nebraska general partnership with its principal place of business located in Omaha, Nebraska. Paul J. Weiss, Laurence J. Esch, and Dennis L. Esch, all Nebraska residents, are its general partners. Lutz & Company, P.C., is a professional corporation authorized to practice public accounting,

with its principal place of business located in Omaha. Lutz, Friedman & Associates, P.C., the predecessor in interest to Lutz & Company, P.C. (hereinafter the accounting firm), performed accounting services for the partnership and its individual partners prior to 1986. Since that time, accounting services have been provided by a certified public accountant, James D. Honz, a Nebraska resident and shareholder of the accounting firm.

The partnership was initially formed for the purpose of acquiring real property known as the John Deere Warehouse located in downtown Omaha. It purchased this property in 1982 for $808,952. Sometime in 1986, the partners learned that the city of Omaha had included the property in an area designated as part of a redevelopment plan. The partners were contacted by a representative of the Omaha Development Foundation, who informed them that the foundation was interested in acquiring the warehouse and that while it had the power of eminent domain, it preferred to negotiate a purchase of the property. In December 1987, the foundation and the partnership executed a purchase agreement for the sale of the John Deere Warehouse to the foundation for $3,150,000 in cash. The transaction was closed on May 4, 1988, and the partnership realized a capital gain of $2,444,252.18 at that time.

From their prior experience, the partners knew generally that the Internal Revenue Code would permit deferral of taxation on the capital gain if the partnership acquired like-kind property in the manner prescribed by the code. The partners considered the acquisition of several properties located in Nebraska and other states in order to effectuate deferral of the gain. Some time during 1989, Dennis Esch, acting on behalf of the partnership, made inquiry of Honz as to the amount of the proceeds from the sale of the John Deere Warehouse required to be invested in like-kind property in order to defer all of its capital gains tax under the code. Honz advised that only the gain from the sale had to be reinvested. Relying upon this advice, the partnership purchased the "ParkFair Mall" property in Omaha in January 1991 for $2,501,284.75. This purchase price represented a negotiated reduction of the asking price of approximately $3.4 million.

The parties now agree that Honz' advice was in error in that all of the proceeds from the sale of the John Deere Warehouse

were required to be reinvested in like-kind property in order to defer taxation on the entire gain. In a 1992 audit, the Internal Revenue Service (IRS) correctly determined that the portion of the sale proceeds not reinvested was subject to capital gains tax for the year 1988. The IRS adjusted the partnership's 1988 tax return to reflect a capital gain of $522,715 and made corresponding adjustments in the tax returns of the partners, causing each of them to incur additional tax liability and interest but no penalties. The partnership incurred attorney fees of $10,000 in connection with the tax audit.

### PROCEEDINGS BELOW

The partnership and its individual partners filed this action in the district court seeking recovery from the accounting firm and Honz on theories of breach of contract and negligence. In their operative amended petition, they sought damages including: attorney and accountant fees, federal and state taxes and the interest thereon in the amount of $312,724, the estimated value of an investment tax credit lost by Dennis Esch, and the estimated loss of time and income by Weiss and Dennis Esch.

Following a bench trial at which the only evidence received was the stipulation of facts summarized above, the district court entered its finding of facts, conclusions of law, and judgment. The court determined that under I.R.C. § 1033 (1994 & Supp. V 1999), the partnership could defer all of the capital gain on the sale of the warehouse only if it reinvested the entire sale proceeds in like-kind property within the time period provided by the code. The court found that Honz had "negligently advised the Plaintiffs that only the amount of the gain needed to be reinvested in like-kind property in order to defer all of the gain" and that such advice fell below the standard of care applicable to certified public accountants practicing in this area. The district court further found that the partnership and its partners had relied upon Honz' advice in determining the amount of the proceeds it needed to reinvest to properly defer all of the gain from the sale of the warehouse. Consequently, the district court concluded that both the accounting firm and Honz were liable for any damage resulting from the incorrect advice.

The district court began its analysis of damages by rejecting the argument advanced by the accounting firm and Honz that any determination of the consequences of the loss of a right to defer income necessarily requires speculation and conjecture, as a matter of law, and that such consequences cannot therefore serve as the basis for a damage award. In this regard, the district court stated that "the value of the loss of the tax deferral may constitute recoverable damage if it can be established with a reasonable degree of certitude." Nevertheless, no damages of this type were awarded.

Further addressing the issue of damages, the court determined that the partners were not entitled to recover the taxes which they incurred because of the gain realized on the 1988 sale of the John Deere Warehouse, reasoning:

> The Court finds that the ability to reinvest in like-kind property pursuant to Internal Revenue Code § 1033 does not eliminate tax liability on the gain, but rather defers the gain until the like-kind property is subsequently sold in a taxable transaction. In this case, the taxpayers realized their gain and their liability for the tax was incurred at the time that the Partnership sold the John Deere warehouse building. That was prior to the time the partners sought advice from the Defendants. The transaction creating the taxpayers' liability preceded the Defendants' negligence and hence, the Defendants cannot be the legal cause of the Plaintiffs' tax liability. Since the taxpayers were always ultimately responsible for the tax due on the gain, the erroneous tax advice in this case did not create the Plaintiff's tax liability.

The district court also determined that Dennis Esch could not recover on his claim for the loss of an investment tax credit because that claim was dependent upon the accounting firm and Honz' liability for the capital gains tax. While the district court did not specifically reject the claims of Weiss and Dennis Esch for lost time and income, no damages were awarded on these claims.

The district court also determined that the interest charged by the IRS on the tax liability was not recoverable as damages, reasoning:

The Internal Revenue Service waived any possible penalties in this case and merely charged Plaintiffs simple interest at market rates for the use of the money. Interest paid to the IRS represents a payment for the Plaintiffs' use of the money. Consequently, interest is not a proper element of damages. The payment of interest is really not a damage suffered by the Plaintiffs at all, but a return by them of what would otherwise be a windfall resulting from their opportunity to use the money. Thus, the Plaintiffs had the use of these monies and, presumably, were able to earn interest while they had it. Therefore, paying the interest effectively cost the Plaintiffs nothing.

Finally, the district court found that the partnership and its partners had incurred attorney fees in connection with the IRS audit in the stipulated amount of $10,000, which the court awarded to the partnership.

The partnership and its partners perfected this timely appeal. The accounting firm and Honz cross-appealed and petitioned to bypass review by the Nebraska Court of Appeals. We granted the petition to bypass.

## STANDARD OF REVIEW

In a case in which the facts are stipulated, an appellate court reviews the case as if trying it originally in order to determine whether the facts warranted the judgment. *Ray Tucker & Sons v. GTE Directories Sales Corp.*, 253 Neb. 458, 571 N.W.2d 64 (1997); *Jindra v. Clayton*, 247 Neb. 597, 529 N.W.2d 523 (1995).

## ASSIGNMENTS OF ERROR

The partnership and its partners assign, restated, that the district court erred in finding that the accounting firm and Honz were not liable for the taxes and interest which the partnership and its partners were required to pay with respect to the gain on the sale of the warehouse property and for the value of the investment tax credit lost by Dennis Esch. In their cross-appeal, the accounting firm and Honz contend that the district court erred in failing to find as a matter of law that the proof of damages resulting from the loss of a right to defer income is necessarily too uncertain and speculative to serve as the basis for any recovery.

## ANALYSIS

The sole issue presented in this appeal is whether the capital gains tax and interest paid to the IRS, and the value of the lost investment tax credit, are recoverable as damages in this action. The principle underlying allowance of damages is to place the injured party in the same position, so far as money can do it, as he or she would have been had there been no injury or breach of duty, that is, to compensate for the injury actually sustained. *O'Connor v. Kaufman*, 260 Neb. 219, 616 N.W.2d 301 (2000). Damages, like any other element of a plaintiff's cause of action, must be pled and proved, and the burden is on the plaintiff to offer evidence sufficient to prove the plaintiff's alleged damages. *Gagne v. Severa*, 259 Neb. 884, 612 N.W.2d 500 (2000); *Ruble v. Reich*, 259 Neb. 658, 611 N.W.2d 844 (2000); *World Radio Labs. v. Coopers & Lybrand*, 251 Neb. 261, 557 N.W.2d 1 (1996). While damages need not be proved with mathematical certainty, neither can they be established by evidence which is speculative and conjectural. *Home Pride Foods v. Johnson*, 262 Neb. 701, 634 N.W.2d 774 (2001); *Sack Bros. v. Tri-Valley Co-op*, 260 Neb. 312, 616 N.W.2d 786 (2000).

Because this case was tried on stipulated facts, we must consider the stipulated facts as if trying the cause originally in order to determine whether the facts warranted the judgment. *Ray Tucker & Sons v. GTE Directories Sales Corp., supra.* Here, the parties stipulated that the IRS adjusted the partnership's 1988 income tax return "to reflect a capital gain of $522,715.00" and that the partners' returns were also adjusted "to reflect the capital gain due as a result of the failure to reinvest the entire proceeds in like-kind property, creating taxable long-term capital gain to the partners." The stipulation stated the amount of attorney fees which were claimed and ultimately awarded by the district court, but as to the other claimed elements of damage, it stated only that

> [e]ach of the partners incurred additional federal and state income tax liability as a result of the adjustments and each partner was required to pay simple interest at market rates on the taxes due from April 15, 1989 until the same was paid by each of the partners.

The stipulation does not state the amount of tax liability and interest which are claimed as damages, nor does it set forth the value of the lost investment tax credit for which Dennis Esch claimed damages.

In their brief, the partnership and partners refer to damage calculations which are set forth in an exhibit which was offered in support of a pretrial motion for partial summary judgment, which the district court denied. While this exhibit is included in the bill of exceptions, the record does not reflect that it was offered at trial or considered by the district court in arriving at its judgment. In *King v. Crowell Memorial Home*, 261 Neb. 177, 183-84, 622 N.W.2d 588, 595 (2001), we stated that "[e]vidence offered in summary judgment proceedings, but not offered at trial, cannot be considered in determining whether the evidence adduced at trial is sufficient to preclude a directed verdict." It follows that evidence offered in summary judgment proceedings, but not offered at a trial on stipulated facts or included in the stipulation, cannot be considered in determining whether the facts warranted the judgment.

■ An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the controversy before it. *Russell v. Stricker*, 262 Neb. 853, 635 N.W.2d 734 (2001); *King v. Crowell Memorial Home, supra*. Because the evidence properly before the district court did not establish the amount of the partners' tax liabilities and interest or the value of the investment tax credit which are claimed as damages, we need not reach the issue of whether, if proved, these would be proper elements of damage under the facts of this case. Likewise, we do not reach the accounting firm and Honz' contention on cross-appeal that proof of damages resulting from the loss of the right to defer income is too uncertain and speculative to serve as the basis of any recovery as a matter of law. The stipulated facts support the judgment of the trial court that the partnership and partners were entitled to damages in the amount of $10,000, representing attorney fees incurred as a result of the incorrect tax advice. There was no evidence at trial to establish the amount of any other damages claimed. Accordingly, we affirm the judgment of the district court.

AFFIRMED.